**UNITED STATES of America, for the Use and Benefit of CUSTOM FABRICATORS, INC., Plaintiff-Appellant,**

v.

**DICK OLSON CONSTRUCTORS, INC., Formicove, Inc., and St. Paul Property & Liability Insurance Company, Defendants-Appellees.**

No. 86–4113.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 1987.

Decided July 29, 1987.

William J. Gregoire, Great Falls, Mont., for defendants-appellees.

John F. Lynch, Great Falls, Mont., for plaintiff-appellant.

Before BROWNING, PREGERSON and ALARCON, Circuit Judges.

PER CURIAM.

Appellant the United States of America, for the Use and Benefit of Custom Fabricators, Inc., brought this action under the Miller Act, 40 U.S.C. §§ 270a–270b, alleging that appellee Formicove, Inc. failed to pay monies owed Custom Fabricators on a subcontract for supply of cabinets and countertops on an Air Force contract held by Formicove. The district court entered judgment against Custom Fabricators on July 15, 1986. Custom Fabricators filed its notice of appeal on August 22, 1986, 38 days later.

Fed.R.App.P. 4(a)(1) provides that a notice of appeal must be filed "within 30 days of the entry of the judgment or order appealed from; but if the United States or an

officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days of such entry." The question here is whether Custom Fabricators, Inc., who under the Miller Act is required to sue in the name of the United States, is entitled to the 60 day time limit or is limited to the 30 day time limit for the filing of a notice of appeal.

We agree with the Tenth Circuit in *Barnard-Curtiss Co. v. United States of America, for the Use and Benefit of D.W. Falls Construction Co.*, 252 F.2d 94 (10th Cir.1958) that the 60 day time limit applies. Accordingly, the order to show cause why the appeal should not be dismissed for lack of jurisdiction is discharged. This matter is deemed ready for calendaring for disposition on the merits.