951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES ex rel. BARAJAS AND MEYER, Plaintiffs-Appellants,
v.
NORTHROP CORPORATION, A California Corporation, Defendants-Appellees.
 No. 91-55026.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Nov. 6, 1991.
Decided Dec. 12, 1991.
As Amended on Denial of Rehearing Jan. 21, 1992.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leo Barajas, Patricia Meyer, and their attorney, Phillip Benson, appeal the district court's imposition on them of sanctions under Fed.R.Civ.P. 11 for filing a motion for default judgment in their False Claims Act case against the Northrop Corporation. We review for abuse of discretion, Cooter & Gell v. Hartmax Corp., 110 L.Ed.2d 359, 381-82 (1990); Townsend v. Holman Consulting Group, 914 F.2d 1136, 1143-44 (9th Cir.1990) (en banc), modified on other grounds, reh'g en banc denied, 929 F.2d 1358 (9th Cir.1991), and we affirm.[1]
 
 
 3
 The False Claims Act provides: "[t]he defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure." 31 U.S.C.A. § 3730(b)(3) (West Supp.1991). Here, although Northrop received a copy of the complaint, it was never served with the complaint. Benson filed the default motion despite clear statutory language to the contrary.
 
 Rule 11 states:
 
 4
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.... If the pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include ... a reasonable attorney's fee.
 
 
 5
 Fed.R.Civ.P. 11 (emphasis added).
 
 
 6
 This circuit's "cases have established that sanctions must be imposed on the signer of a paper if ... the paper is 'frivolous.' The word 'frivolous' does not appear anywhere in the text of the Rule; rather it is a shorthand that this court has used to denote a filing that is both baseless and made without reasonable and competent inquiry." Townsend, 914 F.2d at 1140 (citation omitted). "The standard [of frivolousness] is objective." Id. (citation omitted). "[T]he central purpose of Rule 11 is to deter baseless filings in the District Court...." Cooter & Gell, 110 L.Ed.2d at 374.
 
 
 7
 In his brief, as in the district court, Benson cites cases which do not support his argument that receipt of a complaint amounts to service under Fed.R.Civ.P. 4. Volkswagenwerk v. Schlunk, 486 U.S. 694 (1988), deals with service of process on a foreign corporation under the Hague Service Convention. Id. at 696. Mennonite Board of Missions v. Adams, 462 U.S. 791 (1983), deals with constitutionally mandated notice under Mullane v. Central Hanover Bank & Trust, 339 U.S. 306 (1950). Id. at 795. Call Carl, Inc. v. BP Oil Corporation, 391 F.Supp. 367 (D.Md.1975), rev'd on other grounds, 554 F.2d 623 (4th Cir.1977), cert. denied, 434 U.S. 923 (1977), deals with service on a corporation's subsidiary. Id. at 379.
 
 
 8
 Benson maintains that Northrop never responded to the employees' complaint; any litigation conducted by Northrop was in response to the government's complaint. Thus the case of Broadcast Music, Inc. v. M.T.S. Enterprises, 811 F.2d 278 (5th Cir.1987), on which Benson relies, is also inapposite. Broadcast Music affirmed a default judgment against a defendant who had not properly been served under Fed.R.Civ.P. 4, id. at 280-81, because the defendant's attorney "was served with appropriate pleadings [other than process] every step of the way.... attended a pretrial conference ... negotiated towards a settlement ... was served with a motion for continuance, in which he or his partner was specifically mentioned as [the defendant's] attorney.... [and because] [h]is office accepted service of deposition subpoenas...." Id. at 280.
 
 
 9
 Other cases which contain language endorsing a liberal interpretation of Fed.R.Civ.P. 4 deal with motions to dismiss for inadequate service, not motions for default judgment against defendants improperly served. See, e.g., Borzeka v. Heckler, 739 F.2d 444 (9th Cir.1984); United Food & Comm'l Wkrs. Union v. Alpha Beta Co., 736 F.2d 1371 (9th Cir.1984). The policies in cases such as Borzeka and United Food cut against Benson because they favor reaching the merits of a dispute.
 
 
 10
 There is no legitimate legal basis for Benson's motion; in the shorthand of this circuit, the motion was "frivolous," and warrants sanctions. Rule 11 allows the district court in its discretion to impose sanctions on an attorney, a party, or both. Fed.R.Civ.P. 11. The district court did not abuse its discretion in imposing sanctions on Barajas and Meyer as well as on Benson.
 
 
 11
 Each side shall bear its own appellate costs. Fed.R.App.P. 38.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We have jurisdiction over this appeal. Benson filed his notice of appeal on November 21, 1990. See Smith v. Frank, 923 F.2d 139, 141 (9th Cir.1991). The district court docket does not reveal precisely when the district court's order was entered. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989). Construing the ambiguities in the docket in favor of Benson, we conclude the district court's order was filed on or after September 24, 1990. Applying the sixty-day time-limit appropriate to this case, see Fed.R.App.P. 4(a); United States ex rel. Custom Fabricators, Inc. v. Dick Olson Constructors, Inc., 823 F.2d 370, 370-71 (9th Cir.1987), later proceeding, 833 F.2d 1018 (9th Cir.1987); Cablevisions Sys. Dev. v. Motion Picture Ass'n, 808 F.2d 133, 135 (D.C.Cir.1987) (per curiam), rev'd on other grounds, 836 F.2d 599 (D.C.Cir.1988), cert. denied, 487 U.S. 1235 (1988), Benson's notice of appeal was timely
 The district court's order imposed sanctions against both Benson and the employees, Barajas and Meyer, and made the sanctions payable immediately. Accordingly, the order is appealable. Riverhead Sav. Bank v. Nat'l Mortgage Equity Corp., 893 F.2d 1109, 1114 (9th Cir.1990).