**BROADCAST MUSIC, INC.,**
Plaintiff-Appellee,

v.

**M.T.S. ENTERPRISES, INC.,**
Defendant,

**Gordon Tonry, and Delores Tonry,**
Defendants-Appellants.

No. 85–3743
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 26, 1987.

Richard A. Tonry, Bryan C. Mitchell, Chalmette, La., for defendants-appellants.

Ashton R. Hardy, Frank R. Nicotera, Hardy & Popham, New Orleans, La., Marvin L. Berenson, New York City, for plaintiff-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The district court granted petitioner-appellee Broadcast Music, Inc., a default judgment against defendants-appellants Gordon and Delores Tonry. Appellants moved unsuccessfully under Fed.R.Civ.P. 60(b) for relief from judgment, asserting that they had not been served with process in accordance with Fed.R.Civ.P. 4. They argue on appeal that the district court erred in denying their motion. We AFFIRM the district court's denial of relief under Rule 60(b) because, under the facts of this case, counsel's involvement in the litigation on appellants' behalf constituted an appearance, thereby waiving any defect pertaining to personal jurisdiction.[1]

---

1. While the issue of appealability has not been raised by either party to this appeal, "it is well-established that a court may at any time, and sua sponte, determine whether it has jurisdiction." *Oswalt v. Scripto, Inc.,* 616 F.2d 191, 192 (5th Cir.1980) (citations omitted).

The United States Courts of Appeals have "authority to entertain 'appeals from all final decisions of the district courts of the United States.'" *Huckeby v. Frozen Food Express,* 555 F.2d 542, 545 (5th Cir.1977) (quoting 28 U.S.C. § 1291 (1966)) (emphasis added). "[I]n a multi-party lawsuit ... an order is final under § 1291 only if it meets one or the other of two conditions: (1) it must adjudicate the claims or the rights and liabilities of all the parties, or (2) it must contain the certificate required by Rule 54(b), F.R.Civ.P." *Oswalt,* 616 F.2d at 194 (emphasis added). We must first inquire, then, whether the default judgment entered against Delores and Gordon Tonry served to "adjudicate the claims or the rights and liabilities of all the parties." *Id.* (emphasis added) No judgment was ever entered against two of the five defendants, Mumphrey and Schultz. At first glance, it would appear that the rights and liabilities of all the parties have not been adjudicated. However, the record reflects that during a hearing on August 14, 1985, counsel for appellee made the following statement to the Court: "Mr.

Gordon and Delores Tonry were shareholders in defendant M.T.S. Enterprises, Inc., which was represented before and throughout the relevant proceeding by Richard Tonry, brother and son, respectively, of the appellants, and his partner, Bryan Mitchell. As counsel for the corporate defendant, Richard Tonry was aware that plaintiff had moved to join his brother and mother as defendants in the instant lawsuit. He was served with appropriate pleadings every step of the way. The record is dubious, however, as to whether Gordon and Delores were properly served with process. Whether Richard Tonry deliberately "lay behind the log" for over eight months while failing to inform plaintiff or the court that service may not have been properly effected on his brother and mother, or whether this was an accidental occurrence, is not known. In any event, he attended a pretrial conference, apparently representing all defendants, at a time when Gordon Tonry had been named as a defendant and it was likely that Delores Tonry would be so named. He negotiated toward a settlement on behalf of all defendants, after Gordon had been named but prior to Delores being named as a defendant. He moved, as counsel for all defendants, including both appellants, to withdraw from representation in the case. He was served a motion for continuance, due to the addition of Delores Tonry as a defendant, in which he or his partner was specifically mentioned as her attorney. His office accepted service of deposition subpoenas for both appellants. At no time did either Richard Tonry or his partner suggest Gordon and Delores had not properly been brought into the lawsuit. Richard Tonry was served with plaintiff's motion and notice of hearing on the impending default judgment. Not until the day of the hearing on the motion for entry of default judgment did Richard Tonry, through his associate Mitchell, purportedly deny that service had been effected on Gordon and Delores.

The district court entered a default judgment against Delores and Gordon Tonry. Richard Tonry moved for Fed.R.Civ.P. 60(b) relief and entered affidavits suggesting that Delores and Gordon had not been served. Ruling on the specific request to set aside the default judgment on grounds of fraud, mistake or excusable neglect, the district court held that it had previously determined the sufficiency of process. It also held that, because defendants had presented no meritorious defense, they could obtain no relief under Rule 60(b) on the grounds they asserted.

Appellants assert for the first time on appeal that the judgment entered against them was void for lack of personal jurisdiction, inasmuch as service of process was never properly made upon them. In the case of a void judgment, Rule 60(b)(4) does not require them to establish a meritorious defense, and the district court's holding to the contrary would represent a clear abuse of discretion. *Recreational Properties, Inc. v. Southwest Mortgage Service Corporation*, 804 F.2d 311, 314 (5th Cir.1986). The Tonrys implicitly concede, however, that if their motion was predicated only upon other grounds stated in Rule 60(b), their failure to raise a meritorious defense would bar the relief sought here. See, e.g., *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1510–11 (11th Cir.1984). We believe the latter analysis fits this situation, for the

Mumphrey and Mr. Schultz, we have not pursued to this point because evidence has been presented to us that their ownership interests and their corporate status as officers and shareholders terminated prior to the infringement. We are satisfied at this point those statements and documents are accurate." This court has held "that an oral dismissal of claims against defendants in the course of a trial [is] sufficient to constitute a dismissal under Rule 41(a)(1) even though there [is] no formal dismissal or

stipulation filed with the clerk." *Oswalt*, 616 F.2d at 195 (citations omitted). We have asked appellee's counsel whether it was his intent, in making the statement that he did concerning defendants Mumphrey and Schultz, to voluntarily dismiss any and all claims that his client might have against defendants Mumphrey and Schultz. Appellee's counsel answered in the affirmative.

Therefore, the judgment entered against Gordon and Delores Tonry is final and appealable.

Tonrys waived their claim of insufficient service of process and lack of jurisdiction.

■ A court which lacks personal jurisdiction over a defendant cannot enter a valid judgment against that defendant. However, objections to personal jurisdiction or to service of process must be raised in a timely fashion, i.e., as a party's first pleading in the case, or they are waived. Fed.R. Civ.P. 12(h)(1); *Giannakos v. M/V BRAVO TRADER*, 762 F.2d 1295, 1298 (5th Cir. 1985).

■ Gordon and Delores Tonry never filed a pleading in the case prior to the entry of default judgment. Therefore, it cannot be said that they failed to raise the defense, as required by Rule 12(h), in their first pleading. However, a party need not necessarily file an answer in federal court to put in an appearance for purposes of Rule 12(h):

> 'An appearance may also arise by implication from a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff other than one contesting only the jurisdiction or by reason of some act or proceeding recognizing the case as in court.'

*Cactus Pipe & Supply v. M/V MONT-MARTRE*, 756 F.2d 1103, 1108 (5th Cir. 1985) (quoting 6 C.J.S. Appearances § 18 at 22 (1975)).

The only authority that gives us pause is *Schwarz v. Thomas*, 222 F.2d 305 (D.C.Cir. 1955). In *Schwarz*, a defendant was served through her attorney in another case and suffered a default judgment. She later moved to set aside the default judgment on grounds that she had never authorized or ratified the attorney's acceptance of service of process. The court held that "it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process and, further, that the authority to accept such service cannot be shown by the extra-judicial statements of the attorney." 222 F.2d at 308.

■ The present situation is distinguishable. There is no assertion that the appellants were properly served through service upon Richard Tonry. The issue is, rather, whether Richard Tonry was authorized to enter an appearance for the appellants, thus waiving any jurisdictional defect based upon imperfect service of process. To hold that he was unable to do so unless explicitly authorized would substantially eviscerate Rule 12(h)(1). We decline to do so.

■ There are two ways ordinarily to contest personal jurisdiction and the mode of service: a party may file a Rule 12(b) motion to dismiss, or he may suffer a default judgment to be entered and may collaterally attack it in defense of actions to enforce that judgment. The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit in order to escape default judgment. To countenance this train of events would elevate formality over substance and would lead plaintiffs to waste time, money, and judicial resources pursuing a cause of action. Indeed, that waste would result here if we void the district court's judgment for lack of service of process. Nor is there any indication in the record that appellants, the two shareholders of the corporate defendant, were unaware of the suit against them. Their affidavits in support of the Rule 60(b) motion state only that they were not served with process. *Cf. A.L.T. Corporation v. Small Business Administration*, 801 F.2d 1451, 1458–59 (5th Cir.1986) (for default judgment to withstand collateral attack, service need not comply with Rule 4 but only with constitutionally minimal due process requirements). Thus, we hold that defendants Gordon and Delores Tonry, through the actions of their counsel, voluntarily appeared in this case and waived the defense of insufficiency or failure of service of process.

As a consequence of this waiver, the setting aside of the default judgment was

governed by the usual rules that require a meritorious defense to be asserted. The Tonrys specifically declined to put forward any such defense before the district court. We find no abuse of discretion in the district court's denial of their motion.

A dual purpose animates the Federal Rules of Civil Procedure as they pertain to service of process. No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court. But, at the same time, notions of efficiency conduce to a reasonable, non-mechanistic interpretation of whether service has been effected in a given case, as a result of which improper service or lack of personal jurisdiction can be waived if not timely asserted.

Appellee's motion for attorney's fees on appeal is governed by 17 U.S.C. § 505, which permits discretionary awards of attorneys fees to the prevailing party. In this case, the relative novelty of the legal issue and the minimal assistance gleaned from appellee's brief, combined with an award of fees in the district court, counsel against a further award in this Court.

For the foregoing reasons, the judgment of the district court is AFFIRMED.