**TRUSTEES OF CENTRAL LABORERS' WELFARE FUND, et al., Plaintiffs–Appellees,**

v.

**Keith and Dennis LOWERY, Individually and Doing Business as Lowery Brothers Construction Co., Defendants–Appellants.**

No. 89–3710.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 18, 1990.

Decided Feb. 15, 1991.

Julie L. Galassi, David W. Stuckel, Harvey & Stuckel, Peoria, Ill., for plaintiffs-appellees.

John A. Betts, Marseilles, Ill., for defendants-appellants.

Before BAUER, Chief Judge, CUMMINGS, and FLAUM, Circuit Judges.

PER CURIAM.

Defendants-appellants Keith and Dennis Lowery, individually and doing business as Lowery Brothers Construction Company, appeal from the district court's order denying their motion to vacate a default judgment.[1] The lower court denied the motion

___

**1.** The defendants also appeal the lower court's order denying their motion for Rule 11 sanc-    tions. The defendants argued below that the plaintiffs and the plaintiffs' attorneys pursued

on grounds that the defendants had already waived their claim of defective service of process, the only argument advanced in support of the motion. We affirm.

## I.

On November 3, 1982, the Trustees of three pension funds filed suit against the defendants seeking delinquent contributions and liquidated damages under Section 301 of the Labor–Management Relations Act and Section 502 of ERISA. Seven months later the plaintiffs filed a motion for entry of default judgment based on the defendants' failure to appear or file an answer to the complaint. The court granted that motion and entered a judgment of default on June 22, 1983, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. On September 28, 1989, the defendants moved to vacate the judgment on grounds that the plaintiffs' failure to properly serve them at the beginning of the lawsuit in 1982 rendered the judgment void. It is undisputed that at no time prior to entry of judgment did the defendants appear or otherwise file documents with the court.

The district court judge denied the motion to set aside the judgment and specifically found "some indication in the record" of service, rejecting the defendants' argument to the contrary.[2] The court went on to note, however, that an objection to service of process must be made in a timely fashion or be waived under Rule 12(h)(1). In this case, the defendants participated in post-judgment proceedings almost six years during which time they never raised a question as to the adequacy of the original service. The district court judge held

that the defendants waived this argument by failing to assert it in a timely motion before filing the motion to vacate. Although the court did not identify at what point during the proceedings this objection should have been raised, the court specifically determined that by September, 1989, when the defendants filed the Rule 60(b) motion, the time had long since passed.

The defendants focus their attack on the lower court's finding of waiver, contending that a judgment void at its inception must be set aside regardless of subsequent events. The defendants further argue, assumably in the alternative, that if their conduct following judgment may be examined for evidence of waiver, the conduct here does not support such a finding. Although the defendants concede they "clearly participated in the post-judgment proceedings," they argue that this participation was neither voluntary nor did it ever involve a defensive move within the meaning of Rule 12(h)(1).

## II.

A party may waive a defense of insufficiency of process by failing to assert it seasonably in a motion or their first responsive pleading. See *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 663 (7th Cir.1986), *cert. denied*, 479 U.S. 1092, 107 S.Ct. 1303, 94 L.Ed.2d 158 (1987). That defense, like the other privileged defenses referred to in Rule 12(h)(1), may be waived by "formal submission in a cause, or by submission through conduct." *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 996–97 (1st Cir.1983) (*citing Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167 (1939)). A party need not actually file an

---

post-judgment remedies in bad faith. Because we find that the district court properly denied the defendants' motion to vacate, we likewise agree with the court's denial of their request for sanctions.

**2.** Because we affirm the district court's order to the extent it held that the defendants waived the Rule 12(b)(5) defense, we need not decide whether the district court was also correct in finding service of process adequate. We note, however, that in order for the defendants to

prevail on this claim they carry the burden of demonstrating that service was inadequate. See *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir.1986) (burden on defendant to prove judgment void for lack of service); *Jones v. Jones*, 217 F.2d 239, 242 (7th Cir.1954) (same). Based on the defendants' failure to offer any proof such as affidavits, see *Davis v. Musler*, 713 F.2d 907, 910–11 (2d Cir.1983) and *Jones*, at 242, it is not clear that the judgment is void on this ground.

answer or motion before waiver is found. *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir.1987) (conduct of counsel may rise to level of voluntary appearance resulting in waiver of defense of insufficiency of service). Where a defendant leads a plaintiff to believe that service is adequate and that no such defense will be interposed, for example, courts have not hesitated to conclude that the defense is waived. See, e.g., *Broadcast Music*, 811 F.2d at 281; *Norlock v. City of Garland*, 768 F.2d 654, 657 (5th Cir.1985); *R. Clinton Constr. Co. v. Bryant & Reaves, Inc.*, 442 F.Supp. 838, 848–49 (N.D.Miss.1977).

■ The Lowerys rely primarily on *Seman v. Pittsburgh Brewing Co.*, 25 F.R.D. 209 (N.D.Ohio 1960), for the proposition that waiver can never be based on post-judgment conduct. Their reliance on *Seman* is, however, misplaced. The conduct at issue in that case occurred before default was entered. Additionally, the motion to quash service of process was the first contact the defaulting defendant had with the court. The defendants here are in a fundamentally different position. As set forth below, the Lowerys did not attack the judgment within any reasonable time after having obtained actual notice of the default judgment from their numerous contacts with the court. Instead, they appeared, albeit grudgingly, and led both the court and the plaintiffs to believe that a valid judgment had been obtained against them.

This court has, in fact, found waiver where the conduct relied upon by the district court occurred after entry of default. In *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398 (7th Cir.1986), the plaintiff obtained a default judgment against two defendants based on their failure to appear or otherwise defend. Juliano, one of the defendants, originally attacked the default judgment as void for lack of personal jurisdiction. After the district court denied that motion Juliano filed a motion to reconsider alleging, as an additional ground for setting aside the judgment, that the original service was defective. The district court found, and this court agreed, that Juliano

waived this ground based on its failure to raise it in the first Rule 60(b) motion. *Id.* at 405. See also *J. Slotnik Co. v. Clemco Industries*, 127 F.R.D. 435, 440–41 (D.Mass.1989) (failure to raise challenge to service in first defensive move after entry of default results in waiver of that defense under Rule 12(h)(1)). Just as a defendant may waive a defense of improper service under Rule 12(b)(5) before entry of judgment, so too can a defendant waive the defense at a later time given the appropriate circumstances. Having reached this conclusion, we must now decide whether the district court correctly determined that the defendants did so.

As stated previously, waiver may be found as a result of a party's conduct as well as by a failure to raise the defense in the defendant's first pleading. *Broadcast Music, Inc. v. M.T.S. Enterprises*, 811 F.2d 278, 281 (5th Cir.1987). Because it is undisputed that no formal pleading was filed before the motion to vacate was filed in 1989 we focus our attention on the nature and extent of the defendants' contact with the court.

The record amply supports the court's finding of waiver. On several occasions both Dennis and Keith Lowery submitted testimony or statements to the court regarding the default without raising a question as to service. For example, Dennis appeared and testified to his financial ability to satisfy the judgment at a January 5, 1984, hearing before Judge Mihm. Dennis again appeared and testified for two days before Magistrate Kauffman in February, 1987, in response to a citation to discover assets. Although Dennis' attorney was present for the duration of both hearings neither questioned the propriety of the default. In fact John Betts, the defendants' attorney, acknowledged at the hearing in 1984 that the defense he would interpose to the original charge, if permitted, would be a denial of the allegations contained in the complaint. Likewise, during the 1987 hearing Betts contacted opposing counsel to discuss the progress of the proceeding without referring to any potential problem regarding service.

Although Keith Lowery never testified, he did file with the court a response to a citation to discover assets on April 2, 1987. In that sworn statement, Keith averred that he had no knowledge of the whereabouts of the company's books or other records. Keith did not suggest in his filing that the judgment was void in any manner and, in fact, Betts sent a letter to the plaintiffs' attorney shortly thereafter indicating that, "[a]s usual, my client will be willing to obey any and all orders of the court of which he is aware." Keith then filed answers to the plaintiffs' motion to compel discovery of assets. This filing led the plaintiffs to serve an Affidavit for Wage Deduction on Keith's employer in Florida.[3]

While the activity of a defaulting party's attorney cannot alone support a finding of waiver, we believe that counsel's conduct, when taken in conjunction with the defendants' activities, only supports our conclusion. John Betts, who represented both Lowerys, first appeared before the district court on January 5, 1984, in response to an order to show cause. At that hearing Betts admitted that the parties had attempted to resolve the dispute "on an amicable basis" before default was entered. Betts further argued that the Lowerys' original position was that the collective bargaining agreement did not cover their responsibilities. Both statements indicate that the defendants and their attorney were aware of the pending lawsuit and that any objection they had went to the merits of the complaint, not service.

The conduct engaged in by both the defendants and their attorney over a six year period indicated to the plaintiffs that service had been properly effectuated and that no such defense would be raised. The defendants failed to act in a dilatory manner, led the plaintiffs to believe that the judgment was valid, and availed themselves of the court without asserting this defense in a timely fashion. Only when confronted with the certainty that the judgment must be satisfied did the defendants act.

Our result is consistent with the rationale, articulated above, behind the timeliness requirement found in Rule 12. See, e.g., *Broadcast Music*, 811 F.2d at 281 (5th Cir.1987) (defendant may not appear halfway, "giving the plaintiff and the court the impression he has been served"); *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir.1983) (defenses should be promptly asserted to eliminate harmful delay and waste of judicial resources). To permit any other outcome would encourage indefinite compliance with post-judgment collection attempts while one party retains the option of asserting the defense at his leisure, to the detriment of both the plaintiff and the courts.

Because we find that the defendants waived their right to raise an objection to the service of process, we further agree that the district court did not err in denying the motion to vacate. The only ground asserted for vacating the judgment under Rule 60(b) was voidness, and as we have just stated we concur that the ground was waived.

### III.

The district court did not err in finding that the defendants waived their defense of improper service under Rule 12(h)(1) based on their repeated involvement in the collection proceedings. The district court's order denying the defendants' motion to vacate the judgment and for sanctions is affirmed.

---

**3.** Following service of this affidavit the defendants challenged for the first time the 1982 service of process. In a letter to the plaintiffs' attorney filed with the court on August 28, 1989, counsel for the defendants asserted that service was ineffective. Betts claimed that he had pointed out this alleged defect to the plaintiffs' counsel as far back as February 17, 1984. He did not supply, however, the court with copies of the February 17 notes nor did he submit an affidavit supporting these statements.