OPINION
Mark A. Warren is appealing from the assessment of damages against him for failure to pay rent on the premises he leased from the plaintiff law firm. His appeal is actually from the judgment of the trial court overruling Warren's motion to vacate the judgment for the rent on the grounds that the court lacked jurisdiction over his person.
The facts and the trial court's analysis of the law are fully and concisely set forth in its decision and entry overruling defendant's motion to vacate the judgment, as follows:
I. FACTS
 The Defendant rented property from the Plaintiff in 1998 and 1999. The Defendant failed to pay rent, therefore the Plaintiff filed suit to reclaim the damages which were suffered as a result of the Defendant's failure to pay rent. Judgment was entered in favor of the Plaintiff and against the Defendant on June 18, 1999 pursuant to a June 17, 1999 hearing. During the hearing, the judge saw exhibits, heard testimony of witnesses, cross-examination, and arguments of counsel for both the Plaintiff and the Defendant.
 It was not until January 25, 2001, that the Defendant filed a motion to vacate judgment for want of personal jurisdiction. The Defendant has submitted an affidavit to attest to the Court that at the time that the Plaintiff attempted to serve the Defendant, he was no longer at the address where the Plaintiff sent notice. Additionally, the Defendant alleges that the Plaintiff knew he was no longer at that address at the time the notice was sent. Therefore, according to the Defendant, the Plaintiff's attempt to inform the Defendant of the claim against him was not reasonable [sic] calculated to notify him as required by law and therefore the June 18, 1999 decision should be vacated.
II. LAW AND ANALYSIS
 The Defendant argues that the judgment entered was void ab initio in that the Court did not have personal jurisdiction over the Defendant because service of process was not effectively made upon him. The Defendant cites several cases stating that service must be reasonably calculated to reach its intended recipient and that a default judgment rendered without service is void. The Plaintiff does not dispute the Defendant's contentions; however, the Plaintiff asserts that when the Attorney for the Defendant, Mr. Gregor at the time, appeared and participated in the hearing to determine damages, this appearance on behalf of the Defendant effectively waived the Defendant's defense that he was not properly notified by the Plaintiff that a claim was being brought against him. This Court agrees.
 In order for a judgment to be rendered against a defendant when he is not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or that he has committed other acts which constitute a waiver of the jurisdictional defense. The defense of lack of personal jurisdiction may be lost by failure to assert it seasonably by formal submission in a cause, or by submission to the court through conduct. Yeldell v. Tutt, 913 F.2d 533, 539
(8th Cir. 1990). In other words, a defendant is considered to have waived his defense of lack of personal jurisdiction when his conduct does not reflect a continuing objection to the power of the court to act over the defendants's person. Id. at 539. As is the case here.
 Here, the issue of how and whether service was perfected in this case is not vital. What is vital however, is that even if the notice was never received by the Defendant, he was somehow notified. The Defendant's notification of the suit is apparent in that he sent counsel to the June 17, 1999 hearing to appear on his behalf and represent his interests only in the damages portion of the suit. Such an appearance leads the Court to believe his presence there was voluntarily.
 The Court has failed to find any evidence in the case file which indicates that the Defendant objected to suit before this Court and that he did not waive his right to assert a lack of personal jurisdiction claim. Without such dispositive evidence, this Court alternatively turns the focus of its attention on the nature and extent of the Defendant's contact with the Court. Trustees of Central Laborers' Welfare Fund v. Lowery, 924 F.2d 731, 733 (7th Cir. 1991). The lack of any action taken by the Defendant ever claiming that this Court lacked personal jurisdiction over him combined with the appearance and participation of counsel on his behalf supports a finding by this Court that the Defendant waived his defense of lack of personal jurisdiction by his conduct and failure to demonstrate objection to the power of the Court to act over his person. Yeldell at 539.
 Therefore, this Court finds that even assuming that service was not originally perfected upon the Defendant, the Defendant's subsequent appearance in this case, through counsel, constitutes a waiver of objections to personal jurisdiction. Trustee at 734. Also see, e.g., Broadcast Music Inc. v. M.T.S. Enterprises Inc., 811 F.2d 278, 281 (5th Cir. 1987) (defendant may not appear halfway, giving the plaintiff and the court the impression he has been served). Defenses should be promptly and seasonably asserted to eliminate harmful delay and waste of judicial resources. Trustee at 734. To permit any other outcome would encourage indefinite compliance with post-judgment collection attempts while one party retains the option of asserting the defense at his leisure, to the detriment of both the plaintiff and the courts. Id.
 CONCLUSION
For the foregoing reasons, the Court finds that the Defendant's January 25, 2001 Motion to Vacate for Want of Personal Jurisdiction is not well taken and is hereby OVERRULED. (Doc. 32).
The appellant, in his sole assignment of error that the court abused its discretion denying his motion to vacate the judgment for want of personal jurisdiction, actually raises two issues:
 A. Whether a defendant has been properly served with process when the plaintiff, the defendant's former landlord, directs service of process to the business premises which it knows defendant has previously vacated.
 B. Whether Defendant waived jurisdictional defects by having counsel appear at an assessment of damages hearing after the issue of liability had already been ruled upon, Defendant's defenses had been foreclosed and a money judgment had already been rendered on the issue of rent. (Pg. 1 of appellant's brief).
There seems to be no question that the defendant was not properly served with process. The appellee does not argue this issue, and the trial court did not need to address it as it found that the defendant, through his appearance of his counsel at the damages hearing and participation therein, waived the defense of lack of personal jurisdiction. Thus, the answer to the first issue is negative.
The second issue, however, was thoroughly addressed by the trial court as set forth above, and its conclusion is fully supported by the actions of the defendant's trial attorney during the damages hearing. For instance, at the beginning of the hearing, the following colloquy occurred:
 THE COURT: The unliquidated question. And, Mr. Greger, you're here on behalf of the defendant?
MR. GREGER: I am, Your Honor.
THE COURT: The defendant chose not to be here today?
MR. GREGER: Correct. (Tr. 3-4).
Furthermore, defendant's trial counsel fully participated in the hearing, cross-examining and recross-examining both witnesses of the plaintiff (Tr. 8-16, 21, 34, and 42), objecting to the admission of an exhibit (Tr. 39), and requesting the court to reopen the evidence to ask additional questions (Tr. 31), as pointed out by the appellee in its brief.
Finally, the following occurred towards the conclusion of the hearing:
THE COURT: Do you have anything further, Mr. Greger:
MR. GREGER: Nothing, Your Honor. Thank you.
 THE COURT: Okay. Any closing comments here, either of you?
MR. DUCKER: No, I think you have the picture.
THE COURT: Mr. Greger?
 MR. GREGER: Judge, I trust this Court will be able to make a fair determination of the damages based upon the testimony you've heard.
THE COURT: Very well. Well, I can do that. (Tr. 41).
We find the trial court's conclusion that the defendant, through his counsel, voluntarily participated in the assessment of damages issue, which was the only issue that existed in the case since the defendant had already voluntarily relinquished the premises before the suit was filed, to be compelling. We hereby approve and adopt the trial court's disposition and opinion as our own. The sole assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and GRADY, J., concur.