**In re HECHINGER INVESTMENT COMPANY OF DELAWARE, INC., et al., Debtors.**

**Hechinger Investment Company of Delaware, Inc., Debtor in Possession, Plaintiff,**

**v.**

**Rocky Mountain News, Defendant.**

**Bankruptcy No. 99–02261(PJW). Adversary No. 01–2960.**

United States Bankruptcy Court, D. Delaware.

July 21, 2003.

---

William F. Taylor, Jr., Katherine L. Mayer, McCarter & English, LLP, Wilmington, DE, for Rocky Mountain News.

John T. Carroll, III, Cozen O'Connor, Wilmington, DE, Gregory S. Abrams, Judith Seeds Miller, A.S.K. Financial, Tarzana, CA, Co–Counsel For Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc. et al., Debtors in Possession.

## MEMORANDUM OPINION

PETER J. WALSH, Chief Judge.

Before the Court is the motion of defendant Rocky Mountain News ("RMN") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for improper service of process (Doc. # 4) (the "Motion").[1] For the reasons set forth below, the Motion will be denied.

---

**1.** Federal Rule of Civil Procedure 12(b)(5) is incorporated into Federal Rules of Bankruptcy Procedure 7012.

## BACKGROUND

On June 5, 2001 Hechinger Investment Company of Delaware, Inc. ("Plaintiff") filed a complaint against RMN, seeking the recovery of $192,754.27 in allegedly preferential transfers. On June 27, 2001 Plaintiff served a summons and complaint on RMN, addressing it to "Kirk McDonald, President" at RMN's principal office address in Denver, Colorado. Service was made by registered mail, return receipt requested. On July 12, 2001 the return receipt was signed for by "C. Smith." Pursuant to the summons, July 27, 2001 was the deadline for RMN to answer or otherwise respond.

On September 7, 2001 counsel for RMN notified Plaintiff that the action was not in default because service upon "Kirk McDonald, President" was improper. Plaintiff was notified that Kirk McDonald was neither an officer nor representative of RMN and was therefore not qualified to accept service of process. Plaintiff asserts that on September 10, 2001 its counsel and RMN's counsel entered into discussions to informally resolve the deficiency in the service of process.

The parties did not communicate again until January 24, 2002 at which time RMN's counsel informed Plaintiff he no longer represented RMN. Instead, he advised that until RMN retained new counsel, all contacts with RMN were to be directed to Melinda Dolezal ("Dolezal"), the credit manager of the Denver Newspaper Agency. On January 28, 2002 Dolezal and Plaintiff agreed that RMN would be granted an extension of time to file an answer and time was extended until February 18, 2002. This understanding was effected by phone and by a follow-up letter from Plaintiff's counsel to Dolezal. RMN filed its Motion on February 19, 2002.

## DISCUSSION

The defense of insufficiency of process may be waived by "formal submission in a cause, or by submission through conduct." *Trustees of Central Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir.1991) (citations omitted). It is not necessary that a party actually file an answer or motion for waiver to be found. *See id.* at 732–33. "Where a defendant leads a plaintiff to believe that service is adequate and that no such defense will be interposed, for example, courts have not hesitated to conclude that the defense is waived." *Id.* at 733.

In the instant case, RMN's conduct warrants the conclusion that the defense of insufficiency of process has been waived. Technically, service was deficient as "C. Smith" apparently was not authorized to accept service of process. Recognizing that, the parties sought to informally resolve that issue. Then, after a several month period in which no negotiations took place and RMN severed its relationship with counsel, Dolezal became involved and requested an extension of time to file an answer to the complaint. At that time, five months after the time to file an answer had expired, Plaintiff could reasonably have expected that RMN would not pursue a deficiency of process defense. That conclusion is supported by the language of the letter from Plaintiff's counsel to Dolezal, which confirmed that the extension of time would be granted to permit RMN to file "an answer to the complaint." The letter did not grant an extension of time for RMN to file a response, only to file an answer. It further noted that Plaintiff's request for default had not yet been processed. Plaintiff's decision to refrain from seeking an entry of default is significant in that a Rule 12(b)(5) motion is the proper way to bring a deficiency in service of process to a court's attention, not a motion to vacate default. *Am. Nat'l*

*Bank and Trust Co. of Chicago v. Alps Electric Co., Ltd.*, 2002 WL 484845, *2 (N.D.Ill. March 29, 2002). Thus, a "party who waits until a motion for default judgment is filed to raise allegedly deficient service does so at its own risk." *Id. See also Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897, 899 (11th Cir.1990) (holding that defendant's failure to assert defense of insufficiency of process prior to entry of default judgment when defendant had actual notice of the action constituted waiver of the defense).

Recognizing the increased difficulty RMN would have had raising its deficiency of process defense had default been entered, I can only conclude that Plaintiff believed RMN was planning to use the extension of time to file an answer and not a Rule 12(b)(5) motion. That belief was reasonable as the silence from September 2001 through January 2002 with respect to negotiating a consensual resolution of the defect in process was broken by Dolezal's request for more time to answer. Had Plaintiff believed that Dolezal was seeking additional time to file a Rule 12(b)(5) motion, it almost certainly would have moved for the entry of default, and thereby better protected its interests. That Plaintiff did not do so supports its assertion that RMN's conduct led it to believe the defense of insufficiency of process was waived. Therefore, I find that RMN's conduct constitutes a waiver of that defense.

■ I also note that the deficiency of process is merely technical. Though C. Smith was not authorized to accept service, knowledge that RMN was to be a defendant in this action was clearly passed on to the appropriate persons at RMN because RMN retained counsel with respect to this complaint. "Rule 4 [providing for service of process] is a flexible rule that should be liberally construed so long

as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984). Additionally, technical defects "do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir.1994). Here, RMN clearly received sufficient notice of the complaint to enable it to take actions necessary to defend itself and it has not demonstrated any prejudice. As such, I deem service of process to have been effective.

## CONCLUSION

For the reasons set forth above, the Motion is denied.

## ORDER

For the reasons stated in the Court's Memorandum Opinion of this date, Defendant's motion (Doc. # 4) to dismiss for improper service of process is DENIED.