# United States Court of Appeals for the Fifth Circuit

No. 24-50208

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2025

Lyle W. Cayce
Clerk

Daniel Martinez,

*Plaintiff—Appellee/Cross-Appellant*,

*versus*

Texas Department of Public Safety,

*Defendant—Appellant/Cross-Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-1223

_____

Before Elrod, *Chief Judge*, and Jones and Stewart, *Circuit Judges*.
Per Curiam:[*]

This interlocutory appeal arises from an employment-discrimination suit that Daniel Martinez and other plaintiffs brought against the Texas Department of Public Safety (DPS) and its director, Steven McCraw. The DPS moved for summary judgment, and the district court granted the motion as to all of Martinez's claims except his "Count 6" disability-discrimination claim.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50208

The DPS appealed, arguing that the district court should have granted summary judgment on Count 6 because of its sovereign immunity.[1] *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993) (recognizing that an order denying sovereign immunity is an appealable collateral order).[2] And today, Martinez partially agrees. He concedes that the failure-to-accommodate portion of Count 6 should not have survived summary judgment because he did not allege a continuing violation of federal law. Without such an allegation, Martinez acknowledges, his failure-to-accommodate claim does not fall within the *Ex parte Young* exception to the Eleventh Amendment and cannot pierce the state's sovereign immunity. *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 735–36 (5th Cir. 2020); *see Ex parte Young*, 209 U.S. 123, 167–68 (1908).

Nonetheless, Martinez maintains that the district court properly denied summary judgment on Count 6 because it also comprises a properly pleaded failure-to-promote claim. *See United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924) ("[T]he appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record . . . .").

---

[1] In its opening brief, the DPS primarily argued that the *Ex parte Young* doctrine did not permit Martinez's claim because he never served process on McCraw. Martinez responded by pointing out that McCraw appeared in the proceedings below (by moving to dismiss Martinez's First Amended Complaint) without raising an insufficient-service-of-process objection. This led the DPS to concede its original point of error. Wisely so: by failing to raise their service-of-process objection in that motion, the DPS and McCraw both waived it. *Broad. Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (citing Fed R. Civ. P. 12(h)(1)).

[2] The DPS raised its sovereign immunity defense in both its answer and its amended answer. It did not, however, raise that defense in its motion to dismiss or its motion for summary judgment. And it does not appear that the district court ever ruled on it. But the Supreme Court "has said that the Eleventh Amendment bar may be asserted for the first time on appeal." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 393–94 (1998) (Kennedy, J., concurring) (citing, *e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998)). Thus, the issue is properly before us.

Specifically, Count 6 alleges that the DPS "refused to promote [Martinez] twice" and that this refusal "was pretextual for disability discriminatory motives" in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*

Addressing only the sovereign immunity aspect of the parties' debate,[3] we agree that the district court properly denied summary judgment as to Count 6. In evaluating whether the *Ex parte Young* doctrine applies, we "need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"[4] *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (alteration in original) (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Martinez's complaint does so, alleging that he continues to be denied the pay rate and seniority benefits associated with the promotion he seeks. *See Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020) (*en banc*). As Martinez argues, because this allegation "has not been remedied nor rendered moot, [he has] alleged [a] continuing violation of federal law." And because Martinez asked the district court for an order "requiring Defendants to [1] promote" him and "[2] set a pay rate and seniority that would be

---

[3] We do not address the DPS's additional contention that Martinez's failure-to-promote claim "should be dismissed because Martinez lacked evidence beyond his own subjective belief that the asserted legitimate basis for the promotion decision 'was mere pretext for discrimination.'" This argument goes to "a mere defense from liability, not an immunity from suit." *See Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 468 (5th Cir. 2014). "As a mere defense from liability, the issue cannot satisfy the collateral order doctrine test," and we lack jurisdiction to adjudicate it. *Id.*; *see also id.* at 468–69 (explaining why the exercise of pendant appellate jurisdiction is inappropriate in cases like this one).

[4] The parties do not dispute that McCraw is the sort of officer against whom the *Ex parte Young* doctrine permits suit. *See Haverkamp v. Linthicum*, 6 F.4th 662, 670 (5th Cir. 2021).

No. 24-50208

equitable had [he] been promoted when he should have first obtained that promotion," we conclude that Martinez seeks "relief properly characterized as prospective." *Va. Off. for Prot. & Advoc.*, 563 U.S. at 255. These two elements being met, Martinez's failure-to-promote pleading satisfies the *Ex parte Young* exception to sovereign immunity, and the district court may evaluate that claim on the merits without offending the Eleventh Amendment.

\*    \*    \*

We REVERSE the district court's denial of summary judgment on the failure-to-accommodate portion of Martinez's ADA claim, we AFFIRM its denial of summary judgment on the failure-to-promote portion of Martinez's ADA claim, and we REMAND for further proceedings consistent with this opinion.