IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRANDON L. MCMAHAN, an individual, *Petitioner*,

*v.*

GRASSHOPPER TRANS. INC., an Illinois corporation, *Respondent*.

No. 1 CA-SA 25-0137
FILED 10-16-2025

Petition for Special Action from the Superior Court in Maricopa
County No. CV2024-003517
The Honorable Christopher Whitten, Judge
The Honorable Richard Albrecht, Commissioner

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Ahwatukee Legal Office PC, Phoenix
By David L. Abney
*Co-Counsel for Petitioner*

Yetnikoff Law Offices PLLC, Scottsdale
By Isidore Yetnikoff
*Co-Counsel for Petitioner*

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By Sean P. Healy, Kristian E. Nelson, and Joseph Hubble
*Counsel for Respondent*

---

## OPINION

Judge Andrew M. Jacobs delivered the opinion of the Court, in which Presiding Judge Cynthia J. Bailey and Chief Judge Randall M. Howe joined.

---

**J A C O B S**, Judge:

¶1        In this special action, Plaintiff Brandon McMahan challenges an order granting Defendant Grasshopper Transportation Inc.'s Rule 60 motion to vacate an entry of default for insufficient service of process. We exercise our discretionary special action jurisdiction because the petition presents a legal issue of statewide importance, the resolution of which will materially advance the efficient management of the case. *See* Ariz. R.P. Spec. Act. 12(b)(4), (7). We grant relief because McMahan is right that Grasshopper waived any objection to the sufficiency of service of process. Grasshopper did so by: (1) omitting to raise this defense in a motion to dismiss under Rule 12(b)(5) before answering, while failing to assert the defense in its answer; and (2) consistently averring it was served while appearing and defending this suit, consistent with service.

## FACTS AND PROCEDURAL HISTORY

### A.    McMahan Sues Grasshopper, His Process Server Leaves the Complaint with Grasshopper's Statutory Agent, and Grasshopper Sends the Suit to Its Carrier to Defend.

¶2        In February 2023, McMahan was injured while working at a construction site when a tractor-trailer Grasshopper allegedly operated crashed into roadside barricades, throwing McMahan into the roadway. The tractor-trailer did not stop and left the scene.

¶3        McMahan sued Grasshopper in February 2024. Grasshopper's statutory agent authorized to receive service of process is Ljubisa Srejovic. On March 6, 2024, McMahan's process server visited Srejovic's office. Srejovic was out, but Sladana Bojic, Srejovic's employee and representative, was present and accepted the documents provided by McMahan's process server. Later that day, Bojic forwarded McMahan's suit to Grasshopper, which admits it "promptly reported the lawsuit to its insurance carrier the same day."

### B. After Grasshopper Fails to Defend the Suit, McMahan Moves for Entry of Default and Default Judgment.

¶4        On April 9, 2024, McMahan filed an affidavit stating that his process server served the "Summons, Complaint, and Certificate of Compulsory Arbitration" on March 6, 2024 by leaving a copy with "c/o Statutory Agent, Sladana Bojic, (Title): Registered Agent, a person authorized to accept service[.]" The affidavit noted that "Srejovic was out of town so papers were accepted by [his] assistant/registered agent."

¶5        After Grasshopper failed to respond to his suit, McMahan moved for entry of default on April 15, 2024. The default became effective on April 29, 2024. *See* Ariz. R. Civ. P. 55(a)(4). McMahan then moved for entry of default judgment on May 21, 2024.

### C. Grasshopper Answers McMahan's Complaint and Affirmatively States It Lacks Facts Supporting the Hypothesis That It Was Not Served.

¶6        On June 11, 2024, Grasshopper filed an answer to the substantive allegations of McMahan's complaint. Grasshopper's answer also raised eight affirmative defenses, none of which were insufficient service of process. (One of the defenses Grasshopper did assert was failure to state a claim, which, like insufficient service of process, is listed in Arizona Rule of Civil Procedure ("Rule") 12). *See* Ariz. R. Civ. P. 12(b)(5), (6).

¶7        Grasshopper's answer also listed 20 additional defenses in a single block paragraph, averring that it did "not presently have sufficient facts in support of" those defenses but that it hoped to support them through discovery. These defenses Grasshopper was not yet asserting were "abatement, lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, insufficiency of process, *insufficiency of service of process* and waiver." (Emphasis added).

**D. Grasshopper Moves to Set Aside the Entry of Default and for Rule 60 Relief From the Default, Repeatedly Contending It Was Served.**

**1. Grasshopper's Motion to Set Aside, Its Attestations of Service, and the Court's Finding of Service**

¶8　　　　On July 9, 2024, Grasshopper moved to set aside the entry of default. In the motion, Grasshopper stated it was served with process through its statutory agent: "Defendant acted properly and promptly upon being served. Per the Affidavit of Service, Defendant was served by personal service on Sladna Bojic, a representative of its registered agent, L[j]ubisa Srejovic, on March 6, 2024. Defendant promptly reported the lawsuit to its insurance carrier the same day." Grasshopper's motion attached an affidavit from Ivana Zarubica, a Grasshopper employee, again asserting Grasshopper was served: "Grasshopper was served with the complaint . . . on March 6, 2024 through a representative of its registered agent." Grasshopper didn't argue insufficient service as a ground to set aside the default. Instead, it argued it had good cause to set aside the entry of default because it "(1) ha[d] a meritorious defense; (2) *appeared and answered* and resolution on the merits is strongly preferred; and (3) Defendant's inadvertence [was] excusable under the circumstances." (Emphasis added).

¶9　　　　After McMahan responded to the motion, Grasshopper filed its reply, again asserting it was served. Grasshopper's reply stated it "acted properly and promptly upon being served. Per the Affidavit of Service, Defendant was served by personal service in Sladna Bojic, a representative of its registered agent, L[j]ubisa Srejovic, on March 6, 2024. Defendant promptly reported the lawsuit to its insurance carrier the same day."

¶10　　　　On August 6, 2024, the superior court denied Grasshopper's motion to set aside, acknowledging that "Defendant was served with the complaint on March 6, 2024" and stating it could not find that "Defendant's failure to respond to the complaint was the result of excusable neglect."

**2. Grasshopper's Rule 60 Motion to Set Aside and Its Attestations of Service**

¶11　　　　On August 21, 2024, Grasshopper moved for Rule 60 relief, contending the court erred in denying its motion to set aside entry of judgment. Grasshopper argued the court applied the incorrect legal standard and that McMahan told Grasshopper it "could still answer, litigate, and avoid a default judgment[,]" yet moved for entry of default

judgment the next day. Grasshopper also argued relief was appropriate because McMahan had not claimed prejudice, the delay was the result of a representative, and allowing Grasshopper to litigate the merits was in the interest of justice because it had a meritorious defense. In its Rule 60 motion, Grasshopper again acknowledged it "was served on March 6, 2024" and again did not raise insufficient service of process as grounds for relief. McMahan responded, and Grasshopper replied. In the reply, Grasshopper stated that on March 6, 2024, its "statutory agent [was] personally served with the pleadings at the registered company address."

¶12 The superior court denied the motion, finding Grasshopper's failure to respond to the complaint and entry of default was not justified by good cause or excusable neglect.

### E. Grasshopper Moves for Reconsideration, and Almost One Year After Receiving McMahan's Suit, Argues for the First Time Insufficient Service of Process.

¶13 On February 19, 2025, Grasshopper moved for reconsideration arguing, for the first time, insufficient service of process. Grasshopper argued it had good cause to set aside the entry of default because McMahan served "a random person named Sladana Bojic" rather than Srejovic, "the actual registered agent of Grasshopper." It attached an affidavit stating Srejovic was the only registered agent or person authorized to receive service. Grasshopper argued that, because it was not properly served, the superior court never had jurisdiction to enter the default. Thus, Grasshopper argued, its answer was timely.

¶14 The superior court held oral argument and ordered Grasshopper to "recast" its motion for reconsideration as one for Rule 60 relief. Grasshopper did so. The court held oral argument on the recast Rule 60 motion and concluded Grasshopper was not properly served under Rule 4.2(h) and that Grasshopper was unable as a matter of law to waive its argument that service upon it was insufficient. The court granted Grasshopper's motion for Rule 60 relief and vacated the entry of default.

¶15 This special action followed.

**DISCUSSION**

### I. Rule 12 of Special Action Procedure Supports the Exercise of Our Discretionary Jurisdiction.

**¶16**        Special action jurisdiction is discretionary.  We may exercise it when a petitioner lacks a remedy by appeal that is "equally plain, speedy, and adequate[,]" Ariz. R.P. Spec. Act. 12(a), a question we answer by looking to the factors in Rule 12 of Special Action Procedure.  Determining if a defendant subject to entry of default has waived the defense of insufficient service of process in these circumstances is a matter of statewide importance and will materially advance the efficient management of the case.  *See* Ariz. R.P. Spec. Act. 12(b)(4), (7).

### II. The Law Lets Grasshopper Waive Its Argument That McMahan's Service of Process Upon It Was Insufficient, and It Did So.

**¶17**        We review a superior court's ruling on a motion for relief from a default judgment for abuse of discretion but review legal issues, including interpretations of procedural rules and whether service was proper, de novo.  *Gonzalez v. Nguyen*, 243 Ariz. 531, 533 ¶ 8 (2018); *Silence v. Betts*, 258 Ariz. 84, 194-95 ¶ 7 (App. 2024); *State ex rel. Dep't of Econ. Sec. v. Pennel*, 257 Ariz. 558, 561 ¶ 9 (App. 2024).

**¶18**        McMahan argues the court erred by granting Grasshopper's motion for Rule 60 relief from the entry of default.  McMahan contends Grasshopper waived any challenge to service of process, emphasizing the many filings through which Grasshopper admitted it was served.  Grasshopper counters that the entry of default was void because: (1) McMahan failed to properly serve it under Arizona Rule Civil Procedure ("Rule") 4.2(h); and (2) the only way to waive service is under Rule 4.2(d).  Thus, Grasshopper argues the superior court never had personal jurisdiction over it.  McMahan is right—Grasshopper waived sufficiency of service of process here, both by failing to raise the defense by a motion to dismiss or in its answer, and again by its litigation conduct.

#### A. Grasshopper First Waived Insufficiency of Service of Process By Failing to Timely Raise It By Moving to Dismiss or in Its Answer.

**¶19**        The point of Rule 12(b)(5) is to require early resolution of the defense of "insufficient service of process."  Ariz. R. Civ. P. 12(b)(5); *see* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1342 (4th ed. 2025) (construing federal counterpart to Rule 12(b)(5)).  Indeed,

Rule 12(b) allows for the issue to be raised in a motion, which "must be made before pleading if a responsive pleading is allowed." Ariz. R. Civ. P. 12(b). Grasshopper could have moved to dismiss this suit under Rule 12(b)(5) before filing its answer. After all, by that time, Grasshopper knew that service was effectuated not on the named statutory agent Ljubisa Srejovic, but instead on her assistant Bojic at Srejovic's professional office.

¶20      But Grasshopper didn't file a Rule 12(b)(5) motion before it answered, and answered without properly raising the defense. This waived the defense. *See* Ariz. R. Civ. P. 12(b), (h)(1)(B). The Arizona Supreme Court applied the rule in just this way in *Montano v. Scottsdale Baptist Hospital, Inc.*, 119 Ariz. 448 (1978). There, a party answered the complaint without raising insufficiency of process by motion. 119 Ariz. at 452. Our supreme court found the defense waived. *Id.* (citing Rule 12(b)'s requirement that if made by motion, the Rule 12(b)(5) defense of insufficiency of process "shall be made before pleading if a further pleading is permitted[,]" or it is waived).

¶21      The record forces a more nuanced analysis, but the nuances don't help Grasshopper. Grasshopper argues it reserved the defense of insufficiency of process in its answer, thereby avoiding waiver, but that is incorrect. *See* Ariz. R. Civ. P. 12(h)(1)(B) (Rule 12(b)(5) defense is waived if not made in a timely Rule 12 motion or pleaded in a responsive pleading). Grasshopper's answer pled that on June 11, 2024, it lacked facts supporting a defense of insufficiency of process, but that it might wish to develop the defense of insufficiency of service of process through discovery. Yet on that date, Grasshopper knew service was made on Bojic and not Srejovic—the motion for default attached the proof of that. Thus, pleading that those facts didn't allow Grasshopper to make out the defense was the same as saying those facts didn't show insufficiency of process. As such, Grasshopper chose not to assert the defense in its June 11, 2024 answer, despite knowing all of the facts needed to do so.

¶22      All of this defeats Rule 12(b)(5)'s purpose of forcing the early assertion of the defense of insufficiency of process. *See* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1342, at 162 (2d ed. 1990) (collecting cases). Because the Arizona and federal versions of Rule 12 are very similar, federal authorities "are instructive and persuasive in construing our rules, and we 'subscribe to the principle that uniformity in interpretation of our rules and the federal rules is highly desirable.'" *Waltner v. JPMorgan Chase Bank, N.A.*, 231 Ariz. 484, 488 ¶ 18 (App. 2013) (quoting *Orme Sch. v. Reeves,* 166 Ariz. 301, 304 (1990)). Grasshopper thus waived the defense under Rules 12(b)(5) and 12(h)(1)(B).

### B.  Grasshopper Also Waived Insufficiency of Process Through Its Litigation Conduct.

¶23        Parties can waive objections to the sufficiency of service of process by appearing and defending a suit, as here.  *Montano*, 119 Ariz. at 452 ("[T]he appearance of the defendants has the same effect as a timely and valid service of process.  Were there a jurisdictional defect by the failure to prosecute the action (serve process) within the time allowed by law, it has been waived by failing to claim it at the earliest opportunity."); *Kline v. Kline*, 221 Ariz. 564, 570 ¶ 18 (App. 2009) ("A party has made a general appearance when he has taken any action, other than objecting to personal jurisdiction, that recognizes the case is pending in court."); *Jones v. Cochise County*, 218 Ariz. 372, 379 ¶ 23 (App. 2008) (Personal jurisdiction can be waived if not raised properly, including when a party "acts inconsistent with an intent to assert the right." (quoting *Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 125 Ariz. 53, 55 (1980))).

¶24        Grasshopper appeared voluntarily and sought to defend the case on the merits.  It filed an answer meeting the substantive allegations of the complaint.  Grasshopper also sought affirmative relief from the court by seeking to exclude expert testimony and other evidence, seeking sanctions, and moving for a jury trial.  This waives any objection to sufficiency of process.  *State v. One Single Fam. Residence 1810 E. Second Ave.*, 193 Ariz. 1, 6 (App. 1997) ("[T]he defendant who appears in the matter and litigates it on the merits waives any objection over the failure to properly serve him with process.").

¶25        Grasshopper compounded its waiver by acknowledging in no less than five court filings that it was served, while not raising insufficiency of process as a defense.  *Jones*, 218 Ariz. at 379 ¶ 23 ("A party may assert an affirmative defense in its pleadings and still waive that defense by conduct" that is "inconsistent with an intent to assert the right[.]" (quoting *Am. Cont'l Life Ins. Co.*, 125 Ariz. at 55)); *Austin v. State ex rel. Herman*, 10 Ariz. App. 474, 476 (1969) (declining to address argument that service was improper where defendant "made a 'general appearance' and therefore, waived defects in service.").

¶26        Grasshopper's repeated and unequivocal statements to the court that it was served show it had actual notice of the suit.  In its July 9, 2024 motion to set aside, Grasshopper stated, "[d]efendant was served by personal service on Sladna Bojic, a representative of its registered agent, L[j]ubisa Srejovic on March 6, 2024."  It attached Ivana Zarubica's affidavit to several filings which stated, "Grasshopper Trans, Inc. was served with

the complaint for Brandon L. McMahan v. Grasshopper Trans, Inc. et al. (CV2024-003517) on March 6, 2024 though a representative of its registered agent." In its July 26, 2024 reply to McMahan's response to the motion to set aside, Grasshopper wrote, "Defendant acted properly and promptly upon being served. Per the Affidavit of Service, Defendant was served by personal service on Sladna Bojic, a representative of its registered agent, L[j]ubisa Srejovic, on March 6, 2024." On August 21, 2024 in its first motion for Rule 60 relief, it stated, "Grasshopper was served on March 6, 2024." Finally, in its September 16, 2024 reply to McMahan's response to the first motion for Rule 60 relief, it identified March 6, 2024 as the date on which "Defendant's statutory agent [was] personally served with the pleading at the registered company address."

¶27        It was not until its February 2025 motion for reconsideration that Grasshopper first argued insufficiency of service of process as grounds to vacate the entry of default. Beyond the litigation related specifically to the entry of default, McMahan's petition for special action identifies at least nine other filings Grasshopper submitted to the court before challenging the court's personal jurisdiction because of insufficient service.

¶28        Grasshopper's repeated acknowledgements that it was served and its failure to argue insufficient service as grounds to set aside the entry of default or otherwise challenge the court's jurisdiction were actions inconsistent with preserving this argument. Thus, Grasshopper waived it again, *see Jones*, 218 Ariz. at 379 ¶ 23, independent of the waiver from its failure to make a timely Rule 12(b)(5) motion or to plead the defense in its answer.

¶29        Grasshopper moved to reconsider in this court, arguing this opinion contravenes *Preston v. Denkins*, 94 Ariz. 214, 219 (1963), because there, our supreme court held that even after a judgment becomes final, a party may "challenge a judgment on the ground that it is void for lack of jurisdiction of the parties." *Id.* Grasshopper's argument that the judgment was void depends on the incorrect assertion, likewise found in its motion for reconsideration, that "Grasshopper has never held Ms. Bojic out has [sic] having authority to accept service of process."

¶30        Grasshopper's position ignores the fact that it chose voluntarily to appear to defend this case on the merits, answering the complaint. Our supreme court instructs us that the jurisdictional defense of nonservice is thus waived. *Montano*, 119 Ariz. at 452 ("[T]he appearance of the defendants has the same effect as a timely and valid service of process. Were there a jurisdictional defect by the failure to prosecute the

9

action (serve process) within the time allowed by law, it has been waived by failing to claim it at the earliest opportunity."). And Grasshopper's claim not to have held out Bojic as having authority to accept service is incorrect. It did so every time it told the superior court it was served on March 6 – e.g., "[d]efendant was served by personal service on Sladna Bojic, a representative of its registered agent, L[j]ubisa Srejovic on March 6, 2024." *See* Paragraph 26, *supra*.

¶31    Grasshopper's argument would undo *Montano*, and does not follow from *Preston*, which presumes a valid objection to jurisdiction. No such objection existed after Grasshopper appeared generally and voluntarily to defend this suit because, as it told the court and McMahan, it was previously served by the service upon Bojic.

### C.    Federal Cases Underscore That the Defense of Sufficiency of Process May Be Waived By Litigation Conduct, Contrary to Grasshopper's Position.

¶32    Grasshopper argues that sufficiency of process cannot be waived by means other than a written waiver under Rule 4.2, thus allowing it to litigate the default issue and to defend the case, and then seek to question service almost one year after McMahan sought to effect it. We disagree. Relying on the text and purpose of Federal Rule 12, federal courts have often recognized that a party waives challenges to personal jurisdiction and insufficient service of process by not timely raising them or by acting inconsistent with those defenses. While not binding, these cases are instructive. *Flynn v. Campbell*, 243 Ariz. 76, 80 ¶ 9 (2017) (recognizing that federal cases interpreting the federal rules of civil procedure are instructive and uniformity among state and federal rules decisions is "highly desirable" (quoting *Orme Sch.*, 166 Ariz. at 304)); *Waltner*, 231 Ariz. at 488 ¶ 18 (looking to federal cases to interpret Arizona's Rule 12). These federal cases involving long periods of litigation conduct acquiescing in and ratifying service reinforce our conclusion that Grasshopper waived insufficiency of process here.

¶33    In *Trustees of Central Laborers' Welfare Fund v. Lowery*, the Seventh Circuit affirmed the denial of a motion to vacate a default judgment where the defendants litigated the case for years before challenging service of process. 924 F.2d 731, 732 (7th Cir. 1991). In doing so, the court acknowledged that a defendant can waive Rule 12(b) defenses through post-judgment conduct—even when the party alleges the judgment was void. *Id.* at 733-34 ("Just as a defendant may waive a defense of improper service under Rule 12(b)(5) before entry of judgment, so too can a defendant

waive the defense at a later time given the appropriate circumstances."). It cited other cases in which courts found waiver "[w]here a defendant leads a plaintiff to believe that service is adequate and that no such defense will be interposed[.]" *Id.* at 733 (citing *Broad. Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987); *Norlock v. City of Garland*, 768 F.2d 654, 657 (5th Cir. 1985); *R. Clinton Constr. Co. v. Bryant & Reaves, Inc.*, 442 F.Supp. 838, 848–49 (N.D. Miss. 1977)).

¶34     *Lowery* is persuasive. Here, as in that case, the defendants "submitted . . . statements to the court regarding the default without raising a question as to service" or challenging the judgment as void, appeared at several hearings, and participated in discovery. *Id.* at 733. Deepening the parallel, Grasshopper not only omitted to challenge service for almost a year, but affirmatively stated at five times that it was served, leading the court to confirm that it was served in a ruling. In another similarity, *Lowery* emphasized that the "defendants and their attorney were aware of the pending lawsuit and that any objection they had went to the merits of the complaint, not service." *Id.* at 734. Here, Grasshopper argued for months that it was mistakenly made a party to the lawsuit and that the truck involved in the accident wasn't its truck. We agree with the Seventh Circuit's reasoning that recognizing waiver by litigating other issues is consistent with Rule 12's purpose of eliminating harmful delay and waste of judicial resources. *Id.*

¶35     Other federal courts have reached the same conclusion on analogous facts. The Fifth Circuit affirmed a default judgment where counsel appeared and litigated a case for many months before raising a challenge to service, which waived any objection to personal jurisdiction. *Broad. Music*, 811 F.2d at 281. As the court explained, "[O]bjections to personal jurisdiction or to service of process must be raised in a timely fashion, i.e., as a party's first pleading in the case, or they are waived." *Id.* (citing Fed. R. Civ. P. 12(h)(1); *Giannakos v. M/V BRAVO TRADER*, 762 F.2d 1295, 1298 (5th Cir. 1985)). The Eighth and Third Circuits have likewise found waiver in comparable situations. *See Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (finding waiver: recognizing that Rule 12(h) "sets only the outer limits of waiver; it does not preclude waiver by implication . . . Asserting a jurisdictional defect in the answer did 'not preserve the defense in perpetuity.'" (cleaned up)); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 105 (3d Cir. 2019) (finding waiver: recognizing that defendant's conduct can waive a personal jurisdiction defense "even where a defendant has raised the defense" and "[a] party's actions must also be consistent with the spirit of Rule 12 by diligently advancing its procedural objections."). The decisions of these four federal circuit courts reinforce our

reading of Arizona's Rule 12 as allowing the waiver of objections to the sufficiency of process through litigation conduct over an extended period.

## CONCLUSION

**¶36**        For all of these reasons, the superior court erred in concluding that Grasshopper did not and could not waive its challenge to the sufficiency of service.  We thus accept jurisdiction and grant relief by vacating the court's order granting Grasshopper's Rule 60 motion to vacate the entry of default.

