**In re Cynthia C. LEFLER a/k/a Cynthia Marie Collins Robinson a/k/a Cynthia Marie Collins, Debtor.**

**James W. Robinson, Plaintiff,**

**v.**

**Cynthia C. Lefler, Defendant.**

**Bankruptcy No. 04–32224.
Adversary No. 04–3186.**

United States Bankruptcy Court,
E.D. Tennessee.

Dec. 22, 2004.

James W. Robinson, Johnson City, TN, pro se.

Robert G. Hinton, Sproul & Hinton, Lenoir City, TN, for Defendant/Debtor.

## MEMORANDUM ON WAIVER OF DEFENSE OF INSUFFICIENT SERVICE OF PROCESS

RICHARD S. STAIR, JR., Bankruptcy Judge.

This adversary proceeding is before the court upon the "Complaint" filed by the Plaintiff, *pro se*, objecting to the dischargeability of a debt owed to him by the Defendant/Debtor (Defendant). On August 26, 2004, the Defendant, by and through counsel, filed a Motion to Dismiss Adversary Proceeding (Motion to Dismiss), along with a Brief in Support of Motion to Dismiss Adversary Proceeding. The Motion to Dismiss was denied on September 17, 2004. Pursuant to a show cause hearing held on December 16, 2004, the court, sua sponte, has raised the issue of whether the Defendant waived the defense of insufficient service of process when she filed her Motion to Dismiss.

### I

On July 9, 2004, the clerk received a letter from the Plaintiff addressed to "Ralph T. Brown, Clerk of Bankruptcy Court," setting forth his objection to the dischargeability of a judgment he obtained against the Defendant in the amount of $80,000.00 (Complaint). Following receipt thereof, the court entered an Order on July 15, 2004, directing the clerk to file-stamp the letter in the Defendant's case file as "Received" and to thereafter docket the letter as an adversary proceeding on the date received, July 9, 2004, upon receipt of an Adversary Proceeding Coversheet and payment of the $150.00 filing fee.

On August 2, 2004, the Plaintiff paid the filing fee and filed an Adversary Proceeding Coversheet as required by E.D. Tenn. LBR 7003–1. The clerk thereafter docketed the July 9, 2004 Complaint, and, on August 4, 2004, issued a Summons in an Adversary Proceeding (Summons) so that the Plaintiff could obtain service of process upon the Defendant. On August 20, 2004, the Plaintiff filed a second Adversary Proceeding Coversheet, along with another letter dated August 17, 2004, and addressed to the "United States Bankruptcy Court." Also on August 20, 2004, the Plaintiff filed the Certificate of Service issued on August 4, 2004, evidencing that he served the Defendant via regular mail. The service of process was defective for a number of reasons, not the least of which being that the Plaintiff had altered the issuance date on the Summons from August 4, 2004, to August 14, 2004. The court accordingly entered an Order on August 25, 2004, vacating and striking the Summons and Certificate of Service filed on August 20, 2004, and directing the clerk to issue an Alias Summons, which was issued on August 25, 2004.

The Defendant filed her Motion to Dismiss, arguing that the adversary proceeding should be dismissed because it was not filed by the August 2, 2004 deadline for filing adversary proceedings to determine the dischargeability of debts fixed pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.[1] In the alternative, the Defendant argued that the Plaintiff did not comply with Orders entered by

---

1. In the Brief in Support of Motion to Dismiss Adversary Proceeding, the Defendant's attorney erroneously refers to Rule 4004 of the Federal Rules of Bankruptcy Procedure. Rule 4004 fixes the time for filing objections to discharge.

the court, thus justifying dismissal of the adversary proceeding. Finally, the Defendant argued that the adversary proceeding should be dismissed pursuant to Federal Rule of Bankruptcy Procedure 7041, for the Plaintiff's failure to comply with the Bankruptcy Rules and this court's Local Rules. No other defenses are pled or averred in the Motion to Dismiss, which was denied by the court because the Plaintiff's Complaint was timely filed under the Federal Rules of Bankruptcy Procedure.

On September 9, 2004, the Defendant filed a Certificate of Service, certifying service of the Alias Summons and the Complaint on September 7, 2004, upon the "US Bankruptcy Court." Thereafter, on September 15, 2004, the clerk received a copy of a letter from the Defendant's attorney to the Plaintiff, advising that he had received the Alias Summons and Adversary Proceeding Coversheet but had never received the Complaint or any formal pleading initiating the adversary proceeding. No further documents were filed in the adversary proceeding, and on October 19, 2004, the court entered an Order directing the Plaintiff to appear on November 18, 2004, and show cause why the Complaint should not be dismissed for failure to prosecute. The Plaintiff, as well as the Defendant's attorney, appeared at the November 18, 2004 hearing, which was adjourned to December 16, 2004, to allow the Plaintiff time to hire an attorney. On December 16, 2004, both parties again appeared.[2] At this hearing, the court informed the Plaintiff of the defect in the service of process but advised the parties that research would be required to determine whether the Plaintiff's appearance in court on November 18 and December 16, 2004, and/or the filing of the Motion to

Dismiss constituted a waiver of the defective service of process.

## II

It is undisputed that the Plaintiff has not effectuated service of process upon the Defendant in the manner required by the Federal Rules of Bankruptcy Procedure. Federal Rule of Bankruptcy Procedure 7004 provides, in material part:

(a) Summons; service; proof of service
Rule 4(a), (b), (c)(1), ... (e) ... and (m) F.R. Civ. P. applies in adversary proceedings.

(b) Service by first class mail
[S]ervice may be made within the United States by first class mail postage prepaid as follows:

. . . .

(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.

. . . .

(e) Summons: time limit for service within the United States

■ Service made under Rule 4(e) ... F.R. Civ. P shall be by delivery of the summons and complaint within 10 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days after the summons is issued. If a sum-

---

**2.** The Plaintiff did not hire an attorney, and the Defendant again appeared through her attorney.

mons is not timely delivered or mailed, another summons shall be issued and served.

FED. R. BANKR. P. 7004.[3] "Rule 7004(b)(9) unambiguously provides that service of process upon a debtor is not sufficient unless both the debtor and his attorney are served with the summons and a copy of the complaint." *Dreier v. Love (In re Love)*, 232 B.R. 373, 377 (Bankr.E.D.Tenn. 1999). "Anything short of strict compliance with Rule 7004(b)(9)· is insufficient." *Love*, 232 B.R. at 377.

■ The record reflects that the Plaintiff has never served both the Alias Summons issued on August 25, 2004, along with the Complaints filed on July 9, 2004, and August 20, 2004, on either the Defendant or her attorney. And, although both the Defendant and her attorney have actual knowledge of the adversary proceeding, their knowledge does not substitute for or cure the Plaintiff's "technically defective service of process." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

■ Insufficient service of process is a basis for dismissal of an adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(5), which is applicable in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 7012(b). Nonetheless, by virtue of Federal Rule of Civil Procedure 12(h), "where a defendant files a pre-answer motion to dismiss or an answer, without raising the defense of [insufficient service of process], he waives any objection to that defect." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir.1978); *see also Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt. Ltd.*, 364 F.3d 884, 887 (7th Cir.2004); *Hechinger Inv. Co. of Del., Inc. v. Rocky Mtn. News*

*(In re Hechinger Inv. Co. of Del., Inc.)*, 297 B.R. 9, 11 (Bankr.D.Del.2003); FED. R. CIV. P. 12(h). Additionally, a party's conduct evidencing that it has submitted itself to the court's jurisdiction will constitute a waiver of insufficient service of process. *Slone–Stiver v. Mazer Corp. (In re Interstate Graphics, Inc.)*, 223 B.R. 116, 122 (Bankr.S.D.Ohio 1998).

■ The Defendant's Motion to Dismiss stated three bases for dismissal: (1) that the Complaint was not timely filed; (2) that the Plaintiff had failed to comply with Orders of the court; and (3) that the Plaintiff had failed to comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Eastern District of Tennessee. Insufficiency of service of process was not pled or averred in the Motion to Dismiss, which was filed on August 26, 2004. The letter received by the clerk wherein the Defendant's attorney advised the Plaintiff that he had not been properly served was received on September 15, 2004, twenty days after the Motion to Dismiss was filed. Even if the September 15, 2004 letter could be construed as challenging the Plaintiff's insufficient service of process, any challenge thereto was waived on August 26, 2004, with the failure to plead insufficient service of process in the Motion to Dismiss. Moreover, the Defendant's attorney appeared before the court at two separate hearings concerning dismissal of the adversary proceeding for the Plaintiff's failure to prosecute. These appearances, in and of themselves, can be construed as the Defendant's submission to the court's jurisdiction, and a waiver of the Plaintiff's insufficient service of pro-

3. As it applies to the portions of Rule 7004 above, Rule 4 of the Federal Rules of Civil Procedure, entitled "Summons," requires that an issued summons be served with all complaints within 120 days of filing. *See* FED. R. CIV. P. 4.

cess, notwithstanding that deficiency in her Motion to Dismiss.

In summary, the court finds that because the Defendant failed to aver insufficient service of process in her Motion to Dismiss filed on August 26, 2004, she has waived that defense and has submitted herself to the personal jurisdiction of the bankruptcy court with respect to this adversary proceeding. The Defendant shall be required to file a response to the Complaint within fourteen days. If a timely response is not filed, the Plaintiff may seek a default judgment in the manner required by Rule 55 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure.

An order consistent with this Memorandum will be entered.

### *ORDER*

For the reasons set forth in the Memorandum on Waiver of Defense of Insufficient Service of Process filed this date, the court, sua sponte, directs the following:

1. The Defendant has waived the defense of insufficient service of process.

2. The Defendant shall file her response to the Plaintiff's Complaint within fourteen (14) days.

SO ORDERED.