# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-20273

SYSTEM PIPE & SUPPLY, INC.,

Plaintiff-Appellant,

versus

M/V VIKTOR KURNATOVSKIY;
AZOV SHIPPING CO.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas

February 26, 2001

Before POLITZ, DeMOSS, and STEWART, Circuit Judges.

POLITZ, Circuit Judge:

System Pipe & Supply, Inc., appeals the dismissal of its complaint for lack of personal jurisdiction and the denial of its motion for a new trial. For the reasons assigned, we vacate and remand.

## BACKGROUND

System, a Texas Corporation with its principal place of business in Texas, filed a complaint against M/V Viktor Kurnatovskiy, *in rem,* and against its owner, Azov Shipping Company. According to the complaint, Azov is a foreign corporation not authorized to do business in Texas which did business there by carrying cargo to the Port of Houston on the Kurnatovskiy. The complaint further alleges that Azov committed a tort in Texas. Azov has not designated, nor does it maintain an agent for service in Texas. The address for service which System provided the Texas Secretary of State is in the Ukraine.

According to the complaint, Azov transported cargo for the plaintiff from the Ukraine to Houston in the defendant vessel. Azov acknowledged receipt of the cargo on May 4, 1998 and issued a bill of lading which notes no exceptions or damages. The ship docked at Houston and discharged the cargo on June 7, 1998. Upon arrival, much of the cargo allegedly was rusted or otherwise damaged. System further alleges that the damage was proximately caused by Azov's acts or omissions which constituted breach of contract, breach of bailment, and violations of its duties as a common carrier.

The Office of the Texas Secretary of State informs that it forwarded the complaint to Azov. Azov made no appearance in court and System sought entry of a default judgment. The district court, acting *sua sponte*, entered an order dismissing the

2

case for lack of personal jurisdiction. System's motion for a new trial was denied and it timely appealed.

## ANALYSIS

System contends that the district court erred in dismissing the complaint *sua sponte* for lack of personal jurisdiction. The company notes that lack of personal jurisdiction is a defense which may be waived. Consequently, it maintains that the district court had no authority to assert this defense on behalf of Azov.

We previously have determined that a judgment entered without personal jurisdiction is void.[1] It should therefore be apparent that a district court has the duty to assure that it has the power to enter a valid default judgment. Our colleagues in the Tenth Circuit have held that, "[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[2] We agree. The district court committed no error in raising the issue of personal jurisdiction *sua sponte*.

---

[1] Broadcast Music, Inc. v. M.T.S. Enterprises, Inc., 811 F.2d 278 (5th Cir. 1987).

[2] Williams v. Life Savings and Loan, 802 F.2d 1200, 1203 (10th Cir. 1986). *See also* Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767 (10th Cir. 1997) (district court erred in failing to determine whether it had personal jurisdiction over a non-appearing defendant before entering default); In re Tuli, 172 F.3d 707 (9th Cir. 1999) (Bankruptcy court properly raised *sua sponte* issue of personal jurisdiction over Iraq on motion for default judgment when Iraq failed to enter an appearance).

In the alternative, System maintains that even if the district court had the authority to raise the issue, it erred in determining that it did not have personal jurisdiction over Azov. The Texas long-arm statute authorizes personal jurisdiction to the fullest extent allowed by the Constitution.[3] In an action as is here presented, the district court must determine whether exercising jurisdiction over the defendant is consistent with the due process clause analysis of minimum contacts. A single contact with the forum state *may be* sufficient to support personal jurisdiction, if the cause of action arises out of that specific act.[4] As a practical matter, however, a single act will rarely suffice to meet the minimum contacts standard. The allegations in System's original petition reflect only a single contact with Texas: the discharge of cargo at the port of Houston.

The trial court's ruling opined that this "fortuitous call" of Azov's vessel did not confer personal jurisdiction over Azov. We do not perceive the docking and cargo delivery at Houston to be merely "fortuitous." The port of Houston was the specified destination in this contract. The vessel was not at the port because of error or happenstance. For present purposes, however, we need not resolve whether there were sufficient minimum contacts with the state of Texas to satisfy personal jurisdiction

---

[3]TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (West 2000).

[4]Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415 (5th Cir. 1993).

4

requirements.  Another jurisdictional predicate is apparent.

System alleges that Azov committed a tort in the state of Texas.  It would appear from the pleadings that the actions which caused the damage to the cargo occurred while the vessel was at sea or before.  The alleged tort, accordingly, was not committed in the state of Texas.  But there necessarily is more to our jurisdictional review.

System maintains that personal jurisdiction over Azov exists under the theory of general jurisdiction.  System correctly suggests that because its action arises under federal admiralty law, it need not prove minimum contacts with the state of Texas, but only with the United States as a whole.[5]  In its motion for a new trial, System detailed its factual basis for claiming general jurisdiction, including: (1) Azov's fleet of vessels regularly calls at most major ports in over fifty countries, including the United States; (2) in 1993, Azov established and began to advertise Azsco America Line to provide service for U.S. Gulf Ports to the Mediterranean and Black Seas; (3) Azov maintained

---

[5]This court has held that Federal Rule of Civil Procedure 4(k)(2) allows personal jurisdiction over foreign defendants for claims arising under Federal law when the defendant has sufficient contacts with the nation as a whole, despite lacking sufficient contacts to satisfy the due process concerns of the long arm statute of a particular state.  World Tank Carriers Corp. v. M/V Ya Mawlaya, 99 F.3d 717 (5th Cir. 1996).
　　Fed. R. Civ. P. 4(k)(2) provides:
　　If the exercise of jurisdiction is consistent with the Constitution and the laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under Federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state."

another line of vessels to carry cargo from the east coast to Israel; (4) at least one of Azov's vessels had previously been detained in the state of Texas; (5) Azov's ship, the M/V Viktor Kurnatovskiy, called and discharged System's cargo at the Port of Houston; (6) since 1993, Azov has been a named party in approximately fifty actions in United States District Courts; and (7) Azov had been a defendant in another suit maintained in the Southern District of Texas which was not dismissed for lack of personal jurisdiction.

Generally the plaintiff is required to make a *prima facie* showing of general jurisdiction in the pleadings and record before the court at the time of the motion. Neither System's original complaint, nor its motion for default judgment contained any allegations concerning Azov's contacts with the United States in general. The procedural posture of this case, however, is unusual. In most instances the personal jurisdiction issue is resolved after a defendant moves to dismiss and the plaintiff has been given an opportunity to respond. Here, because the district court raised the issue *sua sponte* with no notice to the plaintiff, System had no such opportunity to respond. The above allegations, if established, or evidence similar thereto, would be sufficient for the plaintiff to make a *prima facie* showing of national minimum contacts. The issue of general jurisdiction was not considered by the trial court.

The plaintiff's original complaint invoked admiralty law. Accordingly, general

jurisdiction should have been considered by the district court in determining whether it lacked personal jurisdiction.  We conclude that the district court erred in dismissing this complaint without allowing the plaintiff an opportunity to respond to the court's concerns over personal jurisdiction.  When the district court raises the issue of personal jurisdiction *sua sponte*, the court should allow the plaintiff a reasonable opportunity to present any available evidence supporting the court's jurisdiction.

For the foregoing reasons, the judgment of dismissal is VACATED and this action is REMANDED to the district court for further proceedings consistent herewith.