# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20586
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2016

Lyle W. Cayce
Clerk

OMAR HAZIM,

Plaintiff–Appellant,

versus

SCHIEL & DENVER BOOK PUBLISHERS;
SCHIEL & DENVER PUBLISHING, LIMITED;
SCHIEL & DENVER BOOK GROUP,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1286

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

Omar Hazim appeals the dismissal of his claims against Schiel & Denver

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20586

Publishing, Limited ("S&D Ltd."), Schiel & Denver Book Publishers ("S&D Publishers"), and Schiel & Denver Book Group ("S&D Book Group"). We affirm.

I.

Hazim—a resident of Kansas—and S&D Ltd.—a publication-on-demand company based in the United Kingdom—contracted to publish Hazim's book, "Islam in the Heartland of America." Under the contract, S&D Ltd. would publicize the book, file a copyright, produce and distribute copies to fill orders by Hazim or others, provide Hazim with an accounting of profits, and pay him royalties. The contract allowed termination without cause by either party with thirty days' written notice and included a Texas choice-of-law and forum-selection provision.[1]

Hazim alleges that he ordered 250 copies to be delivered to him in Kansas, but S&D Ltd. delivered only one. Hazim canceled payment on the un-delivered copies, and S&D Ltd. then invoked its right to terminate the contract. Hazim found a new publisher but alleges S&D Ltd. continued to print and sell his book without authorization. So, Hazim sued S&D Ltd.—and its affiliated entities S&D Book Group and S&D Publishers—for copyright and trademark infringement, breach of contract, unjust enrichment, tortious interference with the contract with his new publisher, unfair competition, and violations of the Texas Deceptive Trade Practices Act ("DTPA").[2] S&D Ltd. filed a *pro se* motion

---

[1] The provision read:

This Agreement shall be deemed to be a contract made in the State of Texas and shall be construed and applied in all respects in accordance with the laws of the State of Texas and the parties hereto submit and agree to the jurisdiction of the State of Texas courts.

[2] The district court concluded that Hazim had alleged that S&D Ltd.'s principal place of business was in Texas and that S&D Book Group's and S&D Publishers' principal places of business were in the United Kingdom. Hazim's briefs on appeal, which tend to conflate

No. 15-20586

to dismiss for lack of personal jurisdiction, offered some defenses to Hazim's claims, and averred that S&D Book Group and S&D Publishers were not legal entities subject to suit. The district court dismissed for lack of personal jurisdiction and denied Hazim's motion for reconsideration.

## II.

We review *de novo* a dismissal for lack of personal jurisdiction. *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). A non-resident defendant may move to dismiss for lack of personal jurisdiction, FED. R. CIV. P. 12(b)(2), or the district court may raise the issue *sua sponte*, *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 323–24 (5th Cir. 2001).[3] In either situation, if, as here, the court rules on personal

---

the entities, are no more precise than are his district court pleadings. In any event, he did not challenge the conclusion in the district court or on appeal, so any such challenge is waived. *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 701 (5th Cir. 2009); *Cinel v. Connick*, 15 F.3d 1338, 1342 n.3 (5th Cir. 1994).

Hazim directs all of his jurisdictional arguments toward S&D Ltd. but posits that jurisdiction is also appropriate as to S&D Book Group and S&D Publishers. We focus on his allegations as to S&D Ltd. and assume they apply to the other entities, because he has failed clearly to brief whether the jurisdictional bases are the same or different for the other S&D entities. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." (quoting *United States v. Skilling*, 554 F.3d 529, 568 n.63 (5th Cir. 2009))).

[3] Hazim posits that S&D Ltd. could not validly move to dismiss for lack of personal jurisdiction because it was not represented by counsel, and a corporation may not appear *pro se* in federal court. We need not address that contention. Assuming, without deciding, that S&D Ltd. could not contest personal jurisdiction *pro se*, the district court could have raised the issue *sua sponte* so long as it gave Hazim an opportunity to address its concerns. *Sys. Pipe*, 242 F.3d at 325. And, we may affirm the dismissal for lack of personal jurisdiction on any ground supported by the record. *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 330 & n.6 (5th Cir. 2012) (citing *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012)). The court gave Hazim several chances to show personal jurisdiction over the S&D entities; and, as explained below, even disregarding S&D Ltd.'s *pro se* motion, Hazim failed to establish personal jurisdiction.

For the same reason, we need not address Hazim's claim that S&D Ltd.'s motion to dismiss could not preclude default judgment. The court was free to refuse to enter default judgment on the basis that it had no personal jurisdiction over the defendants. *Sys. Pipe,*

jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction. *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002); *Sys. Pipe & Supply,* 242 F.3d at 325. "The district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a *prima facie* case for jurisdiction has been made. Rather, the district court may consider the contents of the record at the time of the motion . . . ." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for [personal] jurisdiction has been presented."[4]

There is personal jurisdiction if the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.* Due process requires that the defendant have "minimum contacts" with the forum state (*i.e.* that the defendant has purposely availed himself of the protections of the forum state) and that exercising jurisdiction is consistent with "traditional notions of fair play and substantial justice." *Id.* (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

"Minimum contacts" can give rise to either specific jurisdiction or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific

---

242 F.3d at 324 ("[A] district court has the duty to assure that it has the power to enter a valid default judgment.").

[4] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)).

jurisdiction may exist "over a nonresident defendant whose contacts with the forum state are singular or sporadic only *if* the cause of action asserted arises out of or is related to those contacts."[5]  In other words, such jurisdiction exists "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (quotations omitted).  "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (quotations omitted).

Hazim contends that specific jurisdiction is appropriate because S&D Ltd. has a sister division and mailing address in Houston and executed the contract in Texas.[6]  His argument relates closely to the analysis in *IEVM*. There, International Energy Ventures Management, L.L.C. ("IEVM"), hired an agent in Houston to negotiate with British Petroleum, PLC ("BP")—a company based in the United Kingdom—to purchase oil fields in Pakistan and to seek investors for the purchase.  The agent contacted United Energy Group, Ltd.

---

[5] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030, at \*12 (5th Cir. Mar. 31, 2016) ("*IEVM*") (alteration and emphasis in original) (footnotes omitted).

[6] Hazim seems to suggest that the Texas forum-selection and choice-of-law provision alone confers personal jurisdiction, which such a provision may do in some cases. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 & n. 14 (1985).  The provision in this case does not do so, however, because it consents to jurisdiction only in the state courts of Texas, *see Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 397–98 (5th Cir. 2003) ("[T]he federal courts . . . are not courts *of* Texas because they do not belong to Texas, but rather are courts *of* the United States."), and is permissive rather than mandatory, *see City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504–05 (5th Cir. 2004) (finding the parties were not required to litigate in state court where they agreed to "yield to the jurisdiction of the State Civil Courts" because the language did not "clearly demonstrate the parties' intent to make that jurisdiction exclusive").  We may still consider the provision in deciding whether S&D Ltd. has "minimum contacts" with Texas. *IEVM*, 2016 WL 1274030, at \*12.

("UEG"), a Chinese corporation.   Through that agent (originally hired by IEVM) in Houston, UEG began to negotiate directly with BP to purchase its Pakistani oil fields and requested that IEVM provide consulting services on the purchase.   Ultimately, UEG and IEVM entered into a contract, in Texas, that included an agreement to arbitrate disputes in Texas and included a Texas choice-of-law clause.   *Id.* at *1, *12.   Under the contract, IEVM would consult UEG on its acquisition of BP's Pakistani oil fields in return for a lump-sum payment and commission.   The deal soured, and IEVM sued UEG for breach of contract and other transgressions in Texas state court; UEG removed to federal court, which dismissed UEG for lack of personal jurisdiction.

IEVM maintained that there was specific personal jurisdiction based on the arbitration clause, UEG's hiring agents in Texas, its principals' traveling to Texas to complete the purchase from BP, and its having "entered into an agreement with IEVM that includes a Texas choice-of-law clause." *Id.* at *11–12.  We found there was no personal jurisdiction, reasoning as follows:

> UEG had no presence in Texas *as a result of* the [] agreement because (1) UEG did not negotiate the agreement in Texas, (2) UEG did not travel to Texas *because of that agreement*, and (3) the [] agreement did not require performance in Texas.  Instead, the [] agreement was between Chinese and Texas entities regarding services performed in Pakistan.

*Id.* at *12 (emphasis added).

Similarly, Hazim's alleged "contacts [] are not related to this action." *Id.* He does not allege that S&D Ltd. had a presence in Texas "as a result of" its contract with him, or that any S&D Ltd. personnel ever traveled to Texas "because of" the contract, or that the contract "require[d] performance in Texas." *Id.* Rather, the contract was between a Kansas resident and a United Kingdom entity and contemplated performance in the United Kingdom and Kansas.  Even accepting that the contract contained the Texas choice-of-law

and forum-selection provision (as the IEVM-UEG contract did), and accepting Hazim's other allegations, the contract on which Hazim is suing is not sufficiently related to Texas, so we lack specific jurisdiction over S&D Ltd. for the breach-of-contract claims.

Moreover, Hazim's briefs do not even attempt to connect S&D Ltd.'s contacts to his other claims for unfair competition, unjust enrichment, copyright and trademark infringement, or DTPA violations.[7] Thus, his "conclusory allegations, even if uncontroverted," are insufficient to confer specific jurisdiction over S&D Ltd. *See Panda Brandywine*, 253 F.3d at 869.

Hazim also alleges that there is general personal jurisdiction over S&D Ltd. "A court may assert general jurisdiction over [non-resident defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."[8]  Establishing general jurisdiction is "difficult" and requires "extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609.  "Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required . . . .  [And] vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* at 609–10.

Hazim points to the following contacts between S&D Ltd. and Texas:

---

[7] Hazim asserts in passing that Federal Rule of Civil Procedure 4(k)(2) should confer jurisdiction with respect to his claims under federal copyright and trademark law.  Those claims do arise under federal law, but Hazim does not explain why S&D Ltd. "is not subject to jurisdiction in *any* state's courts of general jurisdiction" or how "exercising jurisdiction is consistent with the United States Constitution and laws."  FED. R. CIV. P. 4(k)(2) (emphasis added).

[8] *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear*, 131 S. Ct. at 2851).

No. 15-20586

(1) a principal place of business in Houston based on S&D Publishers' website that advertises an address and "sister division" that prints books there; (2) S&D Ltd.'s sales in the United States and Texas; and, (3) the Texas choice-of-law and forum-selection provisions in the contract. Those contacts, however, do not "render [S&D Ltd.] essentially at home in" Texas. *Daimler*, 134 S. Ct. at 754. For example, Hazim proffers no information as to the "extent" or "duration" of the business activity of S&D Ltd.'s sister division in Houston; he provides no detail about the "extent, duration, or frequency" of S&D Ltd.'s sales in Texas (or the United States generally); and, as described above, the forum-selection clause applied only to the state courts of Texas.

### III.

Hazim maintains that the district court erred by dismissing his claims without allowing him to conduct jurisdictional discovery. We review the denial of jurisdictional discovery only for abuse of discretion. *Kelly v. Syria Shell Petroleum Dev. Corp. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000).

"When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). Discovery need not be afforded where "the discovery sought 'could not have added any significant facts.'" *Id.* (quoting *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 447 (5th Cir. 1979)). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."[9]

---

[9] *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); *Maiz*, 311 F.3d at 340 (holding the district court lacked personal jurisdiction over a defendant who neither received service of process nor made a general appearance).

No. 15-20586

Hazim sought jurisdictional discovery solely to determine whether the S&D entities were "doing business" in Texas. His motion was aimed at determining whether the court could exercise specific or general personal jurisdiction over the S&D entities based on their contacts with Texas. In the same motion, he requested leave to serve S&D Book Group and S&D Publishers in the same way he attempted to serve S&D Ltd.—by mailing a copy of the summons to the Houston address. He did not move for discovery to assist him in properly serving the S&D entities.

The district court denied the motion, noting that Hazim had offered no evidence of having properly served the S&D entities. Specifically, his attempt to serve them by mail at the Houston address did not comply with the requirements in Federal Rule of Civil Procedure 4(e)(1) and (h)(1)(A) and (B) to effect service on a domestic corporation or the requirements in Federal Rule of Civil Procedure 4(f) for service on a defendant that resides abroad. Moreover, the court decided that Hazim's single mailing did not constitute due diligence in attempting to serve under Rule 4(f), so alternative service was not justified under Rule 4(f)(3).

After the denial of his first motion, Hazim moved for summary judgment, entry of default, and default judgment against the S&D entities, which the district court denied because Hazim had failed properly to serve the defendants. With each motion, he offered evidence of his renewed attempts to effect service, but he never renewed his motion for jurisdictional discovery. When the court denied his only motion for jurisdictional discovery, then, there had not yet been effective service, which is a prerequisite to personal jurisdiction. *Omni Capital*, 484 U.S. at 104. In sum, the specific discovery Hazim sought regarding whether the S&D entities were "doing business" in Texas, without effective service of process, "could not have added any significant facts" to the

No. 15-20586

exercise of personal jurisdiction. *Wyatt*, 686 F.2d at 284 (quoting *Washington*, 588 F.2d at 447).[10]

AFFIRMED.

---

[10] Hazim also appeals the denial of his motion for reconsideration. He devotes one page, which consists of a statement that errors of law amount to an abuse of discretion, and a bullet-point list of the district court's posited legal errors. He has waived this argument by failing adequately to brief it. *See Scroggins*, 599 F.3d at 447 ("[A]mong other requirements to properly raise an argument, a party must ordinarily identify the relevant legal standards and 'any relevant Fifth Circuit cases.' *Skilling*, 554 F.3d at 568 n.63; *see also* FED. R. APP. P. 28(a)(9) (stating that briefs must include 'contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies.'); *Coury v. Moss*, 529 F.3d 579, 587 (5th Cir. 2008) (deeming estoppel argument waived where defendants cited cases but failed to 'explain how these cases constitute authority for their bare assertion that [plaintiff] is estopped to bring this litigation')."). In any event, we have concluded that the district court committed no errors of law, so it did not abuse its discretion in denying reconsideration.