# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-10160
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2023

Lyle W. Cayce
Clerk

Samuel T. Russell,

*Plaintiff—Appellant*,

*versus*

Angela Colmenero, *State of Texas Attorney General*; Megan LaVoie Weaver, *Administrative Director of the Office of the Court*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-1648

———————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Samuel T. Russell filed a civil rights complaint under 42 U.S.C. §§ 1981 and 1983 against Ken Paxton, the Attorney General for the State of Texas, and Megan LaVoie Weaver, the Administrative Director of the Texas Office of Court Administration, challenging a decision by Texas authorities

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to place Russell's daughter in foster care for 16 days in February 2019. Russell appeals from the district court's dismissal of his pro se civil action for lack of jurisdiction on Eleventh Amendment grounds and from the denial of his motion for default judgment.

We review a dismissal for lack of subject matter jurisdiction de novo. *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 599 (5th Cir. 2016). Likewise, we review an Eleventh Amendment immunity determination de novo. *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

"Federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002). In particular, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). "Despite this bar, a federal court may enjoin a state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal Constitution." *Id.* (discussing *Ex Parte Young*, 209 U.S. 123 (1908)). For the *Ex Parte Young* exception to apply, however, a plaintiff must allege an ongoing violation of federal law and seek relief that properly can be characterized as prospective. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

Relevant to this case, "Texas has not consented to be sued in federal court by resident or nonresident citizens regarding its activities to protect the welfare of children, nor has state sovereign immunity been eviscerated by Congress with the passage of section 1983," *Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1991), or § 1981, *see Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981). Accordingly, the Eleventh Amendment bars federal court

No. 23-10160

jurisdiction over Russell's claim for money damages against Paxton and Weaver in their official capacities. *See NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). To the extent that Russell is also seeking injunctive relief against those officials, such claim does not fall within the *Ex Parte Young* exception to the Eleventh Amendment immunity because Russell's complaint does not allege an ongoing violation of federal law. *See id.*

Because the district court therefore lacked subject matter jurisdiction over Russell's claims, the district court could not have granted a default judgment even if one had been warranted. *See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *Bryant v. Tex. Dept. of Aging and Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015). Accordingly, the district court did not abuse its discretion by denying the motion for default judgment. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

In view of the foregoing, the judgment of the district court is AFFIRMED.