# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 9, 2024

Lyle W. Cayce
Clerk

No. 23-11090

LMC Properties, Incorporated,

*Plaintiff—Appellee*,

*versus*

Prolink Roofing Systems, Incorporated,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-204

_____

Before Wilson and Douglas, *Circuit Judges*, and Vitter, *District Judge*.[*]

Per Curiam:[†]

Prolink Roofing Systems, Incorporated contends that the district court erred in denying its motion to vacate a 2017 default judgment because Prolink did not have actual notice of the lawsuit or the default judgment, and because the district court lacked personal jurisdiction over Prolink.  Since we

_____

[*] United States District Judge for the Eastern District of Louisiana, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

find that the district court erred by not addressing its personal jurisdiction over Prolink before addressing the merits of Prolink's motion to vacate the default judgment, we **VACATE** the district court's ruling denying Prolink's motion to vacate and **REMAND** for further proceedings.

## I.  Background

LMC Properties, Inc. ("LMC") sued Single Source Roofing Corporation ("Single Source") in 2015 for breach of warranty and negligence stemming from a 1995 roof replacement and subsequent roof repairs made in 2013.  LMC filed an Amended Complaint adding Prolink Roofing Systems, Inc. ("Prolink") as a defendant, asserting that Prolink is "the successor in interest" of Single Source.  The summons issued to Prolink was returned as executed on May 17, 2016.  On January 31, 2017, LMC filed a motion seeking an entry of default and a default judgment as to Prolink.  On March 8, 2017, the clerk of court issued a clerk's entry of default as to Prolink, and the district court dismissed Single Source without prejudice pursuant to Federal Rule of Civil Procedure 4(l) and (m).

On March 24, 2017, the district court issued an order setting an evidentiary hearing for April 26, 2017, on LMC's motion for default judgment, and ordered LMC to serve a copy of the order on Prolink and to file proof of service by April 20, 2017.  LMC filed a status report on April 20, 2017, along with several exhibits, detailing its efforts to serve Prolink with a copy of the Amended Complaint and the order setting an evidentiary hearing.

On April 26, 2017, the district court held an evidentiary hearing, granted LMC's motion for default judgment, and entered a default judgment against Prolink in the amount of $750,000, plus attorney's fees, pre-judgment interest, and post-judgment interest.  The district court issued a

No. 23-11090

Final Judgment against Prolink on April 27, 2017, in the amount of $845,618.84, plus post-judgment interest.[1]

Six years later, Prolink filed a Motion to Vacate Judgment and Motion to Dismiss First Amended Complaint, seeking to vacate the default judgment under Rule 60(b)(1), (4), and (6). Prolink moved to vacate the default judgment as void due to insufficient service of process under Rule 60(b)(4), and moved to vacate the default judgment for good cause under Rule 60(b)(1) and (6). Prolink also moved to dismiss LMC's claims for lack of personal jurisdiction under Rule 12(b)(2). After filing its motion, Prolink received additional information from LMC's counsel regarding Registered Agent Solutions, Inc. ("RAS"), Prolink's registered agent for service of process, which LMC claimed was served with the Amended Complaint and the order setting an evidentiary hearing. In response, Prolink filed an Amended Motion to Vacate Judgment and Motion to Dismiss First Amended Complaint (the "Amended Motion to Vacate"), seeking relief under Rule 60(b)(1) and (6). Prolink sought to vacate the default judgment under Rule 60(b)(1) based upon excusable neglect, namely its mistaken belief that RAS was not its registered agent at the time and, instead, that CT Corporation was its registered agent for service. Prolink also moved to vacate the default judgment under Rule 60(b)(6) "if relief is not available via Rule 60(b)(1)." Prolink claimed that it "simply had no knowledge or awareness of the existence of" the default judgment until there was an attempt to execute the Final Judgment in March 2023. Notably, the Amended Motion to Vacate also included a Rule 12(b)(2) motion to dismiss LMC's claims based upon the district court's lack of personal jurisdiction over Prolink.

---

[1] The court notes that the minute entry from the evidentiary hearing reflects an award of $15,000 in attorney's fees, while the transcript from the evidentiary hearing and the Final Judgment reflect an award of $15,500 in attorney's fees.

LMC opposed the motion, arguing that Prolink was properly served with both the Amended Complaint and the order setting an evidentiary hearing through Prolink's registered agent, RAS, and that the default judgment was properly obtained.[2] LMC also argued that because Prolink was properly served with a copy of the summons and complaint and failed to answer, Prolink waived personal jurisdiction.

On September 27, 2023, the district court denied Prolink's Amended Motion to Vacate. The district court held that relief under Rule 60(b)(1) was foreclosed because Prolink failed to bring its motion within the one-year limitation period set forth in Rule 60(c)(1). The district court also held that Prolink's delay in bringing its Rule 60(b)(6) motion was unreasonable because LMC served Prolink with notice of the suit through RAS, its registered agent in North Carolina, on May 17, 2016, and served Prolink with notice of the evidentiary hearing through its registered agent in Delaware on April 17, 2017.[3] The district court rejected Prolink's contention, supported by the unsworn declaration of its president, Gary Kassem, that Prolink was never aware of the suit. Voicing skepticism about Prolink's contentions that, "contrary to the record—no one who purportedly accepted service on Defendant's behalf had the authority to do so," the district court "strain[ed]

---

[2] LMC also argued that it would be prejudiced if the district court vacated the default judgment because it had relied upon the default judgment in selling and assigning the Final Judgment to a third party over a year before Prolink filed its motion to vacate. LMC also claimed that it would be prejudiced if it had to litigate the case because the underlying roof repairs occurred in 2013 and involve warranties issued as far back as 1995.

[3] The district court found that RAS resigned its position as Prolink's registered agent in North Carolina effective September 16, 2016. We note that elsewhere in the order, the district court states that, "Registered Agent was appointed in North Carolina in 2014, Defendant was served through Registered Agent in May 2015, and Registered Agent did not resign that appointment until September 2015." These references to 2015 appear to be a typographical error, as the documents relied upon by the district court demonstrate that these events occurred in 2016.

to see any justifiable reason" to grant relief under Rule 60(b)(6).  As such, the district court denied the Amended Motion to Vacate.  The district court did not address Prolink's Rule 12(b)(2) motion to dismiss or Prolink's arguments regarding the district court's lack of personal jurisdiction over Prolink.

On October 25, 2023, Prolink filed both a motion for reconsideration and a notice of appeal.[4]  The district court denied the motion for reconsideration, finding that it lacked jurisdiction to reconsider its order in light of the appeal.

On appeal, Prolink asserts that the district court erroneously denied its Amended Motion to Vacate because: (1) Prolink did not have actual notice of the suit or the default judgment; and (2) the district court did not have personal jurisdiction over Prolink.  Without referencing a specific provision of Rule 60(b), Prolink argues that extraordinary circumstances, including its lack of notice, the weak merits of the case, and the lack of prejudice to LMC, justify vacating the default judgment.  Prolink asserts that it had no knowledge of the suit or the default judgment because its registered agent, RAS, forwarded a copy of the Amended Complaint and the order setting an evidentiary hearing to an address at which Prolink was no longer doing business, directed to an individual that no longer worked for Prolink.  Prolink further asserts that the default judgment should be vacated because the district court lacked personal jurisdiction over it.  Relying upon the unsworn declaration of its president, Gary Kassem, Prolink claims that it had no

_____

[4] In its motion for reconsideration, Prolink urged the district court to "reconsider vacating the judgment on jurisdictional grounds.  Defendant has contended that the Court does not have personal jurisdiction over Defendant."

involvement in the original roof replacement or subsequent repair work, and that it is not the successor in interest to Single Source.

LMC asserts that the district court did not abuse its discretion in granting the default judgment and in denying Prolink's Amended Motion to Vacate because it is undisputed that Prolink was properly served with notice of the suit and failed to answer. LMC maintains that the district court obtained personal jurisdiction over Prolink through service of process, and further asserts that the well-pleaded jurisdictional facts in the Amended Complaint are deemed admitted by Prolink as the defaulting party. In response, Prolink asserts that LMC failed to address its arguments regarding Rule 60(b)(6), thereby clarifying that Prolink is not seeking review of the district court's denial of its request for relief under Rule 60(b)(1). Prolink also argues that this court in *Jackson v. FIE Corporation* already rejected LMC's argument that a default judgment conclusively establishes jurisdictional facts.[5] Prolink maintains that the default judgment should be vacated because the district court lacked personal jurisdiction over Prolink.

## II. Jurisdiction and Standard of Review

The district court had subject matter jurisdiction over LMC's claims against Prolink based upon diversity jurisdiction, 28 U.S.C. § 1332.[6] We have jurisdiction under 28 U.S.C. § 1291.

_____

[5] *Jackson*, 302 F.3d 515 (5th Cir. 2002).

[6] While it is unclear from the Amended Complaint whether the district court had diversity jurisdiction in this matter, as LMC failed to properly allege the citizenship of Prolink, the evidence of record confirms that the district court had diversity jurisdiction over LMC's claims. LMC alleged in the Amended Complaint that it is a Texas corporation with a principal place of business in Texas, meaning that LMC is a citizen of Texas for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). LMC also alleged that Prolink was a "foreign corporation" with a principal place of business in Pennsylvania. Prolink's Application for Certificate of Authority, which was filed in North Carolina and provided

No. 23-11090

"Generally, we will not disturb a district court's decision to deny relief under Rule 60(b) unless the denial is 'so *unwarranted* as to constitute an abuse of discretion.'"[7]  And we review de novo any underlying questions of law.[8]  This court has held that the first five clauses of Rule 60(b) and the sixth clause are mutually exclusive.[9]  Thus, if relief is available on the grounds set forth in Rule 60 (b)(1) to (5), relief is not available under Rule 60 (b)(6).[10]

---

by LMC to the district court, shows that Prolink was incorporated in Delaware in 2011. Additionally, Prolink submitted the unsworn declaration of its president, Gary Kassem, in support of its Amended Motion to Vacate, in which Kassem states that Prolink is "a Delaware corporation with its principal place of business" in Naples, Florida.  Kassem further states that at one point, Prolink maintained its principal place of business in Pennsylvania, but that Prolink has maintained its principal place of business in Naples, Florida since the fourth quarter of 2014.  These allegations establish that, for purposes of diversity jurisdiction, LMC is a citizen of Texas and Prolink is a citizen of Delaware and Florida.

[7] *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)) (emphasis in original).  This court, however, reviews de novo a district court's denial of a Rule 60(b)(4) motion to set aside a judgment as void. *Sec. & Exch. Comm'n v. Novinger*, 40 F.4th 297, 301 (5th Cir. 2022) (citing *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003)).  That is because "Rule 60(b)(4) motions leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not." *Novinger*, 40 F.4th at 301–02 (quoting *Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 296 (5th Cir. 2015)) (internal quotation marks omitted).

[8] *Vernon Smith, etc. v. Sch. Bd. of Concordia Parish*, 88 F.4th 588, 594 (5th Cir. 2023) (citing *Frew v. Janek*, 780 F.3d 320, 326 (5th Cir. 2015)).

[9] *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002).

[10] *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 502 (5th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)) ("[A] movant must show any reason justifying relief '*other than the more specific circumstances* set out in Rules 60(b)(1)–(5).'") (emphasis added in *Wooten*); *U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005) (quoting *Hess*, 281 F.3d at 215–16) ("Rule 60(b)(6) authorizes a court to relieve a party from a final judgment for 'any . . . reason justifying relief' other than a ground covered by clauses (b)(1) through (b)(5) of the rule."); *Gulf Coast Bldg. & Supply Co. v. Int'l Broth. Of Elec. Workers, Local No. 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972) (citing 7 Moore's Federal Practice ¶ 60.27[1], p. 343) ("Where either

7

We have explained that Rule 60(b)(6) "is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions."[11]

Prolink's personal jurisdiction arguments also require this court to consider the issue of forfeiture. "A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal."[12] There are, however, exceptions to this rule, with jurisdictional arguments being "one obvious exception."[13] Moreover, "an issue will not be addressed when raised for the first time on appeal unless it is a purely legal matter and failure to consider the issue will result in a miscarriage of justice."[14]

## III. Discussion

Prolink's appeal raises three issues to this court: (1) whether the district court abused its discretion in denying Prolink's request to vacate the default judgment under Rule 60(b)(6); (2) whether Prolink forfeited its argument that the default judgment is void for lack of personal jurisdiction by not seeking relief under Rule 60(b)(4); and (3) if Prolink did not forfeit its argument, whether the district court erred by addressing the merits of Prolink's Amended Motion to Vacate without first considering whether it

---

Clauses (b)(1), (2), (3), (4), or (5) provide coverage for the movant's claim, relief may not be obtained pursuant to Clause (b)(6).").

[11] *Hess*, 281 F.3d at 216 (citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).

[12] *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (citing authority).

[13] *Id.* at 398.

[14] *Id.* (quoting *Essinger v. Lib. Mut. Fire Ins. Co.*, 534 F.3d 450, 453 (5th Cir. 2008)) (internal quotation marks omitted).

had personal jurisdiction over Prolink. Notably, the parties only briefed the first issue to this court.

The court finds that Prolink did not forfeit its jurisdictional arguments, which were raised in the Rule 12(b)(2) motion to dismiss that was included in the Amended Motion to Vacate. And the district court was required to resolve the threshold jurisdictional dispute before addressing the merits of Prolink's Amended Motion to Vacate. We therefore both begin and end our discussion of this case with jurisdiction and do not reach the merits of Prolink's arguments regarding its request for relief under Rule 60(b)(6).

### A. Forfeiture

In its Amended Motion to Vacate, Prolink moved to set aside the default judgment under Rule 60(b)(1) and (6) on the basis that it was unaware of this litigation and the default judgment until 2023. Notably, Prolink did not seek to set aside the default judgment as void for lack of personal jurisdiction, despite having a clear mechanism by which to do so. Rule 60(b)(4) allows a party to seek relief from a final judgment when "the judgment is void."[15] We have previously explained that Rule 60(b)(4) "embodies the principle that in federal court, a 'defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds.'"[16] We have also recognized two circumstances in which a judgment may be set aside as void under Rule

---

[15] FED. R. CIV. P. 60(b)(4).

[16] *Jackson v. FIE Corp.*, 302 F.3d 515, 522 (5th Cir. 2002) (quoting *Ins. Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982)). *See Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (quoting *Ins. Corp. of Ireland*, 456 U.S. at 706; *Broad. Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987)) ("Defendants are 'always free to ignore . . . judicial proceedings, risk a default judgment, then challenge that judgment on jurisdictional grounds in a collateral proceeding.").

60(b)(4): (1) if the court lacked subject matter or personal jurisdiction; and (2) if the court acted in a manner inconsistent with due process of law.[17] "Because a 'void judgment cannot acquire validity' through the passage of time, Rule 60(b)(4) motions have no time limit."[18]

While Prolink could have moved to set aside the default judgment as void for lack of personal jurisdiction under Rule 60(b)(4) in the district court, it chose not to. Prolink, however, filed a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, which was included at the end of its Amended Motion to Vacate. The district court never reached that issue, ruling only on the merits of Prolink's motion to vacate the default judgment.

While this court has held that failure to raise arguments under Rule 60(b)(2) or (3) to the district court precludes a party from raising those arguments on appeal,[19] we have not squarely addressed whether arguments regarding the validity of a default judgment due to personal jurisdiction, normally raised under Rule 60(b)(4), are forfeited if not raised in the district

---

[17] *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998) (quoting *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)).

[18] *Norris v. Causey*, 869 F.3d 360, 365 (5th Cir. 2017) (quoting 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2862 (3d ed.)).

[19] *See Sindhi v. Raina*, 905 F.3d 327, 333 (5th Cir. 2018) (quoting *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007)) ("Raina did not raise arguments under Rule 60(b)(2) or (3) in front of the district court, precluding him from raising those arguments here. As we have consistently held, 'arguments not raised before the district court are waived and cannot be raised for the first time on appeal.'"); *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 463–64 (5th Cir. 2003) (refusing to consider appellant's argument, raised for the first time on appeal, that the summary judgment entered in favor of the appellee be vacated under Rule 60(b)(3)). *See also Lopez Dominguez v. Gulf Coast Marine & Associates, Inc.*, 607 F.3d 1066, 1074–75 (5th Cir. 2010) (citing *Leasehold Expense*, 331 F.3d at 463–64) ("That said, it is true that in some cases, when appellants have raised issues properly considered under Rule 60(b) for the first time on appeal, we have refused to consider these issues.").

court.[20] At least two other circuits have held that "*in personam* jurisdictional challenges to default judgments are forfeited if not asserted in a Rule 60(b) motion, if such a motion is made."[21] Moreover, it is well settled that, "personal jurisdiction is a *personal* defense that may be waived or forfeited."[22] This court has held that, "objections to personal jurisdiction or to service of process must be raised in a timely fashion, i.e., as a party's first

---

[20] The court recognizes that we have mentioned, in a footnote in an unpublished opinion, that a party waived its argument that the district court lacked personal jurisdiction due to improper service by failing to raise the argument to the district court. *See UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 287 n.2 (5th Cir. 2018) (citing *Broad. Music, Inc.*, 811 F.2d 278). Despite that finding, we further determined that the argument was "plainly meritless" because the defendant "indisputably had notice of the suit, and they made the conscious decision not to defend it." *Holley*, 724 F. App'x at 287 n.2.

[21] *Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996) (citing authority); *see In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1300 (11th Cir. 2003) (citation omitted) ("We agree with the reasoning of the Seventh Circuit in *Swaim* and conclude that when a party asserts a Rule 60(b) challenge to a default judgment, absent a compelling showing that we should make an exception to this rule, challenges under Rule 60(b)(4) on insufficient service of process grounds are waived if not squarely raised."). *See also Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000) (finding that defendant waived his ability to challenge personal jurisdiction by not raising that defense in his motion to vacate default judgment); *Ladder Man, Inc. v. Mfr's Distrib. Servs., Inc.*, 234 F.3d 1268 (6th Cir. 2000) (unpublished) (holding that appellant's failure to raise the issue of personal jurisdiction in his Rule 60(b)(4) motion to vacate default judgment "precludes that argument from being raised on appeal," based upon cases addressing waiver of personal jurisdiction under Fed. R. Civ. P. 12(h) when not raised in the party's first general appearance).

[22] *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 144 (2023) (citing *Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 704–05) (emphasis in original). *See Great Prize, S.A. v. Mariner Shipping Party, Ltd.*, 967 F.2d 157, 159 (5th Cir. 1992) ("The disposition of the case at bar turns on the distinction between non-waivable, *sua sponte* noticeable, lack of subject matter jurisdiction and the waivable defense of lack of *in personam* jurisdiction over the defendant.") (citations omitted); Fed. R. Civ. P. 12(h) (defense of lack of personal jurisdiction may be waived).

pleading in the case, or they are waived."[23]  We have also held that a motion to dismiss for lack of personal jurisdiction "must be considered by the district court before other challenges, since the court must find jurisdiction before determining the validity of a claim."[24]

Here, while Prolink did not explicitly challenge the district court's personal jurisdiction through a Rule 60(b)(4) motion to vacate the default judgment as void, it did challenge the district court's personal jurisdiction through its Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction that was included as part of the Amended Motion to Vacate.  Whether Rule 60(b)(4) or Rule 12(b) was the more appropriate vehicle for a personal jurisdiction objection to the default judgment, the record reflects that Prolink raised its objection in its first filing before the district court.[25]  We therefore find that Prolink did not forfeit its objections to the district court's personal jurisdiction.

### B. Personal Jurisdiction

This court has held that a judgment entered without personal jurisdiction is void,[26] and that "a district court has the duty to assure that it has the power to enter a valid default judgment."[27]  In *System Pipe & Supply,*

---

[23] *Broad. Music, Inc.*, 811 F.2d at 281 (citing FED. R. CIV. P. 12(h)(1); *Giannakos v. M/V BRAVO TRADER*, 762 F.2d 1295, 1298 (5th Cir. 1985)).

[24] *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (quoting *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988), *abrogated on other grounds as recognized by O'Bryan v. Holy See*, 556 F.3d 361 (6th Cir. 2009)) (internal quotation marks omitted).

[25] *Broad. Music, Inc.*, 811 F.2d at 281.

[26] *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citing *Broad. Music, Inc.*, 811 F.2d 278).

[27] *Sys. Pipe*, 242 F.3d at 324.

*Inc. v. M/V VIKTOR KURNATOVSKIY*, we agreed with our colleagues in the Tenth Circuit that "when entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."[28]    As a result, we found that the district court in *System Pipe* "committed no error in raising the issue of personal jurisdiction *sua sponte*."[29]

The record before the court suggests that the district court failed to perform its "affirmative duty" to look into its personal jurisdiction over Prolink prior to entering the default judgment against it.[30] The order granting LMC's motion for default judgment, the transcript from the evidentiary hearing on LMC's motion for default judgment, the minute entry from the evidentiary hearing, and the Final Judgment are all silent as to the district court's personal jurisdiction over Prolink.    As such, the district court committed legal error by entering a default judgment against Prolink without first ensuring that it had the power to enter a valid default judgment as to Prolink.

---

[28] *Id.* (quoting *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). *See also Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767 (10th Cir. 1997) (district court erred in failing to determine whether it had personal jurisdiction over a non-appearing defendant before entering default); *In re Tuli*, 172 F.3d 707 (9th Cir. 1999) (bankruptcy court properly raised *sua sponte* issue of personal jurisdiction over Iraq on motion for default judgment when Iraq failed to enter an appearance); *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (citing authority) ("[W]e agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant."); *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005) ("[A] court should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant.").

[29] *Sys. Pipe,* 242 F.3d at 324.

[30] *Id.*

No. 23-11090

## IV.  CONCLUSION

We therefore **VACATE** the district court's September 27, 2023 ruling denying Prolink's Amended Motion to Vacate and **REMAND** the matter to the district court to determine, in the first instance, whether it has personal jurisdiction over Prolink.